## PADGETT v. THE STATE.

[No. 20,828.   Filed October 9, 1906.]

1. INDICTMENT AND INFORMATION.—*Assault and Battery with Intent.*—An affidavit charging that defendant did "unlawfully, feloniously, purposely and with premeditated malice, and in a rude, insolent and angry manner, unlawfully and feloniously touch, cut, beat and strike with his fist, and with a knife * * * , with the intent then and there and thereby him, the said Harry Wolfe, unlawfully, purposely and with premeditated malice to kill and murder," does not state an offense, since it fails to show that any person was assaulted.   p. 180.

2. SAME.—*Motion in Arrest.—Criminal Law.*—An affidavit containing all of the essentials of a crime, though the facts are defectively charged, is good on motion in arrest of judgment, such defects being reached only by a motion to quash.   p. 181.

3. SAME.—*Motion in Arrest.—Motion to Quash.*—An affidavit omitting an essential fact of the crime charged is bad on motion to quash or on a motion in arrest of judgment.   p. 182.

4. SAME. — *Certainty.* — *Statutes.* — Under §§1832, 1833 Burns 1905, Acts 1905, pp. 584, 625, §§191, 192, providing as to the sufficiency, and against the quashing of, defective affidavits and indictments, reasonable certainty is necessary in charging a crime.   p. 182.

5. SAME. — *Names of Injured Persons.* — *Identification.* — The name of the injured person, or a sufficient reason for the failure to give same, where required in the indictment or information, must be set out in order to identify the transaction, the omission thereof rendering such charge bad on motion to quash or on motion in arrest.   p. 183.

6. SAME.—*Intendments.—Doubts.*—No intendments are made in aid of a criminal charge; and all doubts are resolved in favor of the accused.   p. 184.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Prosecution by the State of Indiana against Charles Padgett.   From a judgment of conviction, defendant appeals.   *Reversed.*

*John H. Spencer* and *Alvin Padgett,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

JORDAN, C. J.—This prosecution was commenced on February 5, 1906, by the State of Indiana, through its proper prosecuting attorney, by filing an affidavit in the lower court, wherein it was sought to charge appellant with having committed the crime of assault and battery with intent to commit murder. He waived an arraignment and entered a plea of "not guilty." There was a trial by jury, and a verdict returned, finding him guilty of assault and battery with intent to kill, as charged in the affidavit, and that he was of the age of twenty-eight years. He filed a written motion in arrest of judgment, alleging therein that the facts stated in the affidavit do not constitute a public offense. This motion, over the exception and objection of appellant, the court denied, and thereupon rendered a judgment upon the verdict, sentencing the appellant to be committed to the Indiana Reformatory for a period of not less than two nor more than fourteen years, and fining him in the sum of $5, etc. From this judgment he prosecutes this appeal, assigning that the court erred in overruling the motion in arrest of judgment.

1. The affidavit upon which appellant was tried and convicted, omitting the formal parts, is as follows:

"Harry Wolfe swears that Charles Padgett, late of the county of Daviess, State of Indiana, on or about the 2d day of February, 1906, did then and there, at and in said county and State aforesaid, unlawfully, feloniously, purposely, and with premeditated malice, and in a rude, insolent, and angry manner, unlawfully and feloniously touch, cut, beat, and strike with his fist and with a knife, which said Charles Padgett then and there had and held in his hand, with intent then and there and thereby him, said Harry Wolfe, unlawfully, purposely, and with premeditated malice to kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

It is evident that the crime which the pleader attempted to charge in this affidavit was that of an assault and battery with an intent to commit murder in the first degree.   It is certainly manifest that the affidavit is fatally deficient for the reason that it wholly fails to charge the commission of assault and battery upon any person.   It merely charges that Charles Padgett, late of Daviess county, State of Indiana, on the date named, did then and there, at and in said county and State, "unlawfully, feloniously, purposely, and with premeditated malice, and in a rude, insolent, and angry manner, unlawfully and feloniously touch, cut, beat, and strike with his fist and with a knife,   *   *   *   with the intent then and there and thereby him, said Harry Wolfe, unlawfully, purposely, and with premeditated malice to kill and murder."   The mere fact that the accused did "in a rude, insolent, and angry manner, touch, cut, beat, and strike with his fist and with a knife," falls far short of charging an assault and battery, without showing that some person named was "assaulted," "touched," "cut," and "beat" by the accused.   The fact that he perpetrated these acts "with the intent thereby him, said Harry Wolfe, purposely to kill and murder" is certainly not sufficient to show that the latter was the person assaulted, unless we resort to a surmise or conjecture, and this we are not permitted to do.

By §354 of an act concerning public offenses, approved March 10, 1905 (Acts 1905, pp. 584, 661, §1997 Burns 1905), an assault and battery is defined as follows: "Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and, on conviction, shall be fined," etc.   Section 352 of the same act (§1995 Burns 1905) provides: "Whoever perpetrates an assault or an assault and battery upon any human being, with intent to commit a felony, shall, on conviction, be imprisoned in the state prison not less than two

years, nor more than fourteen years, and be fined not exceeding $2,000." Section 283 of said act (§1924 Burns 1905) provides that a motion in arrest of judgment may be granted by the court "where the facts stated in the indictment or affidavit do not constitute a public offense." It is contended by the State that the infirmity of the affidavit in question is of such a character that it was cured by the verdict of the jury, and that therefore the motion in arrest was properly denied. It is true that if the affidavit could be said to contain all of the essential elements constituting a public offense, then, although the facts therein alleged may have been defectively stated, nevertheless, under the circumstances, the pleading would be sufficient to withstand a motion in arrest of judgment. *Lowe* v. *State* (1874), 46 Ind. 305; *Greenley* v. *State* (1877), 60 Ind. 141; *Graeter* v. *State* (1886), 105 Ind. 271; *Chandler* v. *State* (1895), 141 Ind. 106. It is settled that uncertainties existing in a criminal pleading in the statement of the facts constituting the offense can only be assailed by a motion to quash, and not by one in arrest of judgment. *Stewart* v. *State* (1888), 113 Ind. 505; *Chandler* v. *State, supra.*

But where the pleading does not contain all of the essential elements constituting a public offense, either a motion to quash or one in arrest of judgment must be sustained. *Hoover* v. *State* (1887), 110 Ind. 349; *Hanrahan* v. *State* (1877), 57 Ind. 527; *Nichols* v. *State* (1891), 127 Ind. 406.

Section 1832 Burns 1905, Acts 1905, pp. 584, 625, §191, provides: "The indictment or affidavit is sufficient if it can be understood therefrom: * * * Fourth. That the offense charged is clearly set forth in plain and concise language, without unnecessary repetition. Fifth. That the offense charged is stated with such a degree of certainty, that the court may pronounce judgment upon a conviction according to the right of the case." The

next section (§1833 Burns 1905) provides that "no indictment or affidavit shall be * * * quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects: [Enumerating certain defects.] Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Under these provisions of the statute, an indictment or affidavit is required to charge the offense with reasonable certainty. *Waggoner* v. *State* (1900), 155 Ind. 341, 80 Am. St. 237.

The injured party, or any other person whose name it is essential to set out in charging an offense, must, if known, be stated in the indictment or affidavit with certainty. This requirement is necessary in order to identify or give certainty to the transaction or offense upon which the pleading is based. In other words, the law exacts that the name of the person upon whom the offense was committed shall be given in the pleading, in order that the accused party may be fully advised in respect to the crime which he is charged to have committed. 1 Archbold, Crim. Proc. and Plead. (7th ed. by Waterman), *79; *Black* v. *State* (1877), 57 Ind. 109; *McFarland* v. *State* (1900), 154 Ind. 442, and cases cited; *McBeth* v. *State* (1874), 50 Miss. 81; *State* v. *Bitman* (1862), 13 Iowa 485; *Ranch* v. *State* (1879), 5 Tex. App. 363; Gillett, Crim. Law (2d ed.), §129.

In fact, the name of the injured party is an essential element in the description of a public offense, and the failure to disclose who such person was, in the absence of a sufficient excuse being stated, is a fatal omission, and renders the pleading bad on a motion to quash or in arrest of judgment. *McFarland* v. *State, supra,* and cases cited; *McLaughlin* v. *State* (1875), 52 Ind. 279.

Certainly then, when tested by the authorities cited, there can be no sufficient charge of an assault and battery,

or of an assault and battery with the intent to com-
6.   mit a felony, without giving or stating, if known,
   the name of the injured person, for in a criminal
pleading nothing can be taken by intendment, and all rea-
sonable doubts which may arise upon the averments therein
must be solved in favor of the accused party. *Funk* v.
*State* (1898), 149 Ind. 338.

It is evident for the reasons stated that the affidavit in
this case is fatally defective, and the court erred in over-
ruling the motion in arrest of judgment, for which error
the judgment is reversed and the cause remanded, with
instructions to the lower court to sustain said motion.