## TORPHY v. STATE OF INDIANA.

[No. 23,324. Filed January 16, 1918.]

1. INDICTMENT AND INFORMATION. — *Prejudicial Allegations.* — *Surplusage.*—The presence of mere surplusage that does not affect the substantial rights of the defendant can do no harm in an indictment and is not subject to attack; but where the matter complained of tends to prejudice the accused without aiding in the statement of the offense charged and yet does not serve to render the indictment double, it may be stricken out on motion. p. 75.

2. INDICTMENT AND INFORMATION. — *Surplusage.* — *Motion to Strike.*—As §8351 Burns 1914, Acts 1907 p. 689, makes no provision concerning a second conviction for keeping a place for the sale of intoxicating liquors in violation of law, it is error in a prosecution under the statute to refuse to strike from the indictment allegations of a prior conviction for a similar offense; there is authority for the filing and the sustaining of the motion, in a proper case, under the general provisions of §2231 Burns 1914, Acts 1905 p. 659, there being no express provision in the Criminal Code preventing such procedure (*Gallaher* v. *State,* 101 Ind. 411, disapproved). p. 75.

From Washington Circuit Court; *William H. Paynter,* Judge.

Prosecution by the State of Indiana against David

Torphy. From a judgment of conviction, the defendant appeals. *Reversed.*

*Robert L. Mellen* and *Wilber W. Hottel,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings, Dale F. Stansbury* and *Marshall Wollery,* for the state.

SPENCER, C. J.—Appellant was tried and convicted on an indictment which charges that, on a certain fixed occasion, he kept and operated a place where intoxicating liquors were sold, bartered and given away in violation of §8351 Burns 1914, Acts 1907 p. 689. Following the statement of this charge, the indictment further alleges that appellant has previously been convicted of a similar offense, although the statute on which this prosecution is based makes no provision concerning a second or subsequent conviction on the charge of keeping or operating a place where intoxicating liquors are sold, bartered or given away in violation of law. Appellant filed a motion to strike from the indictment such allegations as referred to the prior conviction and also moved to quash the indictment because of their presence therein. These motions were each overruled. Subsequently, the prosecuting attorney, in making his opening statement to the jury, was permitted to read the entire indictment, over appellant's objection to the reading of so much thereof as referred to the former conviction. Appellant then moved to set aside the submission of the cause and to discharge the jury because of the reading of that portion of the indictment, which motion was also overruled. The several rulings thus indicated, and others which present the same issue, are each challenged by this appeal and form the basis for appellant's contention that he was seriously prejudiced through this indirect suggestion to the jury as to his former conviction.

It is conceded that as the averments complained of do not, in this case, legally aggravate the offense charged, they constitute surplusage and form no proper part of the indictment, but appellee contends: (1) That under the decision in *Gallaher* v. *State* (1885), 101 Ind. 411, appellant's motion to strike out must be rejected as unknown to the criminal practice; (2) that in view of the express provisions of §2063, cl. 6, Burns 1914, §1756 R. S. 1881, a motion to quash an indictment on account of surplusage must always be overruled; and (3) that as the indictment in a criminal prosecution is an essential part of the state's case, it is the duty of the prosecuting attorney to read the same to the jury in its entirety. §2136, cl. 1, Burns 1914, Acts 1905 p. 584, 641.

The decision in *Gallaher* v. *State, supra,* apparently supports the first ground of appellee's contention, but we cannot assent to all of the reasoning in that case. It is true that mere surplusage which does not affect substantial rights of the defendant can do no harm and its presence in an indictment will not support an attack thereon (*Musgrave* v. *State* [1892], 133 Ind. 297, 304, 32 N. E. 885) ; but occasions such as the present may arise in which matter complained of tends, on the one hand, to prejudice the accused and yet does not serve to render the indictment double. The fact of a prior conviction was not, under the issues in this proceeding, a circumstance which could properly be brought to the attention of the jury in any manner as a part of the state's case (*Rock* v. *State* [1916], 185 Ind. 51, 110 N. E. 212), and all reference thereto should have been omitted from the indictment. We see nothing in the Criminal Code which necessarily prevents the recognition, in a proper instance, of a motion to strike from an indictment or affidavit such allegations as serve only to prejudice the defendant without aiding or contributing to the statement

of the offense charged and, on the contrary, we are of the opinion that such a motion may be sustained under the general provisions of §2231 Burns 1914, Acts 1905 p. 584, 659. The decision in the Gallaher case on the present question of practice is therefore disapproved, and in this case the action of the trial court in overruling appellant's motion to strike out is held to constitute reversible error. This conclusion serves to dispose of the principal issues presented, and we deem it unnecessary to consider certain other questions of minor importance which may not arise on a retrial of the case.

Judgment reversed, with instructions to sustain appellant's motion to strike out part of the indictment, and for further proceedings not inconsistent herewith.

Myers, J., concurs in the conclusion, on the theory that the motion to quash should have been sustained under §2063, cl. 10, Burns 1914, *supra*, but does not agree that a motion to strike out is the proper practice.

NOTE.—Reported in 118 N. E. 355. See under (1) 22 Cyc 370. Validity of law imposing heavier penalty for second offense, 64 Am. St. 380.