## LARGE *v.* STATE OF INDIANA.

[No. 24,680.   Filed December 19, 1928.]

*Sweet & Littlefield* and *William E. Horsley,* for appellant.

*U. S. Lesh,* Attorney-General, and *Ethan A. Miles,* for the State.

WILLOUGHBY, J.—The appellant was charged with maintaining a nuisance as described in §20, Acts 1917 p. 25.   Said act, so far as necessary to consider it in this case, is as follows:   "Any room, house, building, boat, structure or place of any kind where intoxicating liquor is sold, manufactured, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place, building or club where such liquor is kept to be drunk as a beverage by the members thereof or any other persons, or any place where such liquor is kept for sale, barter, or delivery in violation of the laws of this state, and all intoxicating liquor and all property kept

in and used in maintaining such a place, are hereby declared to be a common nuisance; and any person who maintains or assists in maintaining such common nuisance, shall be guilty of a misdemeanor and upon conviction shall be fined not less than one hundred ($100) dollars nor more than five hundred ($500) dollars and imprisoned in the county jail for not less than thirty (30) days nor more than six (6) months," etc.

The affidavit upon which appellant was tried, omitting the caption and signature, is as follows: "Will A. Church, for amended [affidavit] swears that Willard Large, late of said county, on or about the 5th day of March, A. D. 1924, at said county and state aforesaid, did then and there unlawfully keep, maintain, and assist in keeping and maintaining a common nuisance, to wit.: a room, house, building, structure and place where intoxicating liquors were then and there kept for sale, barter, delivery and given away in violation of the laws of the State of Indiana, and where persons were then and there permitted to resort for the purpose of drinking intoxicating liquors as a beverage in violation of the laws of the State of Indiana, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The appellant filed a motion to quash the affidavit for statutory reasons, viz.: That the facts stated in the affidavit do not constitute a public offense. That the affidavit does not state the offense with sufficient certainty. §2227 (2065) Burns 1926. The motion to quash was overruled and appellant pleaded not guilty. A trial by the court without a jury resulted in a finding of guilty upon which the court rendered judgment. A motion in arrest of judgment was made and overruled. A motion for a new trial was then overruled. The defendant appealed and assigned as error: (1) That the court erred in overruling his motion to quash the affidavit;

(2) that the court erred in overruling his motion for a new trial.

At the time the defendant was charged with the commission of the alleged offense, the mere possession of intoxicating liquor was not unlawful. *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180.

By the act of 1923, Acts 1923 p. 70, the law which made it an offense to keep intoxicating liquor with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same was repealed and, therefore, it appears that on March 5, 1924, it was not unlawful to keep intoxicating liquor with intent to sell, barter, exchange, give away, furnish or otherwise dispose. of the same. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471.

The affidavit further charges that the appellant permitted persons to resort to his place for the purpose of drinking intoxicating liquors as a beverage in violation of the laws of the State of Indiana. It does not appear from such affidavit what particular act of the appellant, in permitting the drinking of intoxicating liquor was an offense, or why it was unlawful. The affidavit does not allege facts showing that such drinking was unlawful.

It is the constitutional right of the defendant to demand the nature and cause of the accusation against him and to have a copy thereof. Art. 1, §13, Constitution of Indiana; *McLaughlin* v. *State* (1873), 45 Ind. 338.

In *Hinshaw* v. *State* (1919), 188 Ind. 147, 122 N. E. 418, it is said: "The words *'nature and cause of the accusation'* have a well-defined meaning, and had such meaning at the time of the adoption of the Constitution. That meaning is that the gist of an offense shall be charged in direct and unmistakable terms. In passing upon the same provision of the federal Constitution in *United States* v. *Cruikshank* (1875), 92 U. S. 542, 557, 23 L. Ed. 588, the court said: 'In criminal cases, prosecuted under the laws of the United States,

the accused has the constitutional right "to be informed of the nature and cause of the accusation." Amend. VI. In *United States* v. *Mills*, 7 Pet. 142, this was construed to mean, that the indictment must set forth the offense "with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged"; and in *United States* v. *Cook*, 17 Wall. 174, that "every ingredient of which the offence is composed must be accurately and clearly alleged." It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, "includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,— it must descend to particulars." " " See, also, *Sopher* v. *State* (1907), 169 Ind. 177, 81 N. E. 913.

In *Mayhew* v. *State* (1920), 189 Ind. 545, 128 N. E. 599, it is said: "The particular crime with which the accused is charged must be preferred with such reasonable certainty by the essential averments in the pleading as will enable the court and jury to distinctly understand what is to be tried and determined, and fully inform the defendant of the particular charge which he is to meet. The averments must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder." See, also, *Funk* v. *State* (1898), 149 Ind. 338, 49 N. E. 266; *Padgett* v. *State* (1906), 167 Ind. 179, 78 N. E. 663; *Hewitt* v. *State* (1908), 171 Ind. 283, 86 N. E. 63; *State* v. *Rodgers* (1910), 175 Ind. 25, 93 N. E. 223; *Hinshaw* v. *State, supra; Bowen* v. *State* (1920), 189 Ind. 644, 128 N. E. 926; *Sherrick* v. *State* (1906), 167 Ind. 345, 79 N. E. 193. *Torphy* v. *State* (1918), 187 Ind. 73, 118 N. E. 355.

In *Sopher* v. *State, supra,* the action was commenced upon an affidavit charging the appellant with the keeping

of an alleged public nuisance. In that case, a motion to quash was filed and overruled and the ruling on said motion was assigned as error. In discussing that case, the court says: "If it is true, as argued by counsel for the State, that the act charged in the affidavit constituted a public nuisance, *per se*, then it must be because such acts are unlawful. Nuisances are classified as public and private. A public nuisance, strictly speaking, arises out of the violation of public rights, and, as a general rule, results in no more special injury to one person than to another. 1 Wood, Nuisances (3d ed.) §1. Such a nuisance always arises from unlawful acts, consequently that which is lawful cannot be regarded in a legal sense as a public nuisance."

In the affidavit in the instant case, it is alleged that the appellant, "on or about the 5th day of March, 1924, . . . did then and there unlawfully keep, maintain and assist in keeping and maintaining a common nuisance, to wit.: a room, house, building, structure, and place where intoxicating liquors were then and there kept for sale, barter, delivery and given away in violation of the laws of the State of Indiana." The affidavit further alleges, "and where persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage in violation of the laws of the State of Indiana."

The first clause of this affidavit which alleges that intoxicating liquors were then and there kept for sale, etc., is alleged as a material element of the offense or crime of keeping and maintaining a nuisance, but, at the time this affidavit was filed, it was not a crime or public offense nor unlawful to keep intoxicating liquor with the intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same. There is no allegation in the affidavit that such keeping of intoxicating liquor for the purpose named in such affidavit was unlawful be-

cause prohibited by statute or for any other reasons, and, in fact, it appears heretofore in this opinion that such keeping for such purpose as named in the affidavit was not unlawful.

It is further alleged in said affidavit that such nuisance was kept and maintained by keeping a place where persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage in violation of the laws of the State of Indiana, but the affidavit furnishes no information as to why this was a violation of the laws of the State of Indiana. The statements in the affidavit that certain acts constituted material elements of the crime charged were prejudicial to the rights of the appellant when such acts were not unlawful. The state was entitled upon the trial of the case to read the affidavit to the jury in stating its case §2301 (2136) Burns 1926.

Section 2225 Burns 1926 (§2063 Burns 1914) cl. 10, provides that, "no indictment or affidavit shall be deemed invalid nor shall the same be set aside or quashed nor shall the crime charged or other proceedings be stayed or arrested or in any manner affected for any of the following . . . : 'For any . . . defects or imperfections which do not tend to the prejudice of the substantial rights of the defendant upon the merits.' "

Of course, it will not be contended by the state that the defendant is not prejudiced by charging the commission of the offense when the act charged is not unlawful. Applying the rule followed in the case of *Torphy* v. *State, supra,* the motion of the appellant to quash the affidavit should have been sustained. In that case, this court held that a motion to strike out the objectionable matter in the affidavit should have been sustained and that the refusal to do so was reversible error. Myers, J., concurred in the result on the theory that the motion to quash should have been sustained

under §2227 Burns 1926, cl. 4 (§2065 Burns 1914, cl. 4).

In *Sherrick* v. *State, supra,* the court said: "It may be said, however, that under the certainty required in criminal pleading in this state, whenever a trial judge finds it necessary to the administration of justice to grant a bill of particulars, he has found an ample reason for quashing the indictment for uncertainty."

In the instant case, the affidavit is defective in not defining the offense more particularly so as to make it appear upon what acts of the defendant, alleged to be criminal, the affidavit is founded. In the absence of such averments, the affidavit is not sufficient to withstand the motion to quash. The trial court, therefore, erred in overruling appellant's motion to quash the affidavit against him.

Judgment reversed, with instructions to sustain appellant's motion to quash and for further proceedings not inconsistent with this opinion.

### DISSENTING OPINION.

MARTIN, C. J.—The opinion of the court, in deciding that the affidavit is not sufficient to withstand a motion to quash, holds that it *"is defective in not defining the offense more particularly so as to make it appear upon what acts of the defendant, alleged to be criminal, the affidavit is founded."*

Section 20, ch. 4, Acts 1917, under which this prosecution was brought, declared to be *a common nuisance, the maintenance of which makes any person guilty of a misdemeanor*, etc., the following:

(1) Any room, house, building, boat, structure or place of any kind where intoxicating liquor is sold, manufactured, bartered or given away in violation of the law.

(2) Any room, house, building, boat, structure

or place of any kind where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage.

(3) Any place, building or club where such liquor is kept to be drunk as a beverage by the members thereof or other persons.

(4) Any place where such liquor is kept for sale, barter or delivery in violation of the laws of this state.

The affidavit charges that appellant *"did . . . unlawfully keep, maintain . . . a common nuisance,"* and sets out in the exact language of the statute the matter contained in clauses (4) and (2) indicated above.

At the date of this arrest and at the time this case was tried, the case of *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 671, holding that under §1; ch. 23, Acts 1923 it was not unlawful to keep intoxicating liquors with intent to sell the same, had not been decided. Granting that, when *Smith* v. *State, supra,* was decided, its effect on this case was to eliminate clause (4) above as one of the nuisances defined by the foregoing statute, the offense charged by the remaining portion of the affidavit herein was that appellant: *"did . . . unlawfully keep, maintain and assist in keeping and maintaining a common nuisance to wit.: a room, house, building and place . . . where persons were . . . permitted to resort for the purpose of drinking intoxicating liquors as a beverage."* This is the exact language of the statute and it is difficult to conceive just how the offense could be defined "more particularly so as to make it appear upon what acts of the defendant, alleged to be criminal, the affidavit is founded." That the court fails to keep in mind that the act prohibited by the statute and charged by this affidavit is *maintaining a nuisance,* and is confused thereby is indicated in that paragraph of the opinion which reads in part as follows: "It does not appear from such affidavit what particular act of appellant in permitting

the drinking of intoxicating liquor was an offense or why it was unlawful. The affidavit does not allege facts showing that such drinking was unlawful."

The words "in violation of the laws of the State of Indiana," following the words in the affidavit charging the maintenance of a nuisance, clearly relate to appellant's act in maintaining a nuisance and not to the acts of those permitted "to resort for the purpose of drinking." The statute declares that a nuisance has been unlawfully maintained when a place is kept where persons are permitted to resort for the purpose of drinking, etc., regardless of whether the acts of resorting or drinking are unlawful, and while it seems clear that the phrase "in violation of the laws of the State of Indiana" is in apposition to the other formal phrases which follow it, "contrary to the form of the statute," etc., such phrase, if it did refer to the acts of resorting and drinking, would be merely surplusage.

The case of *Sopher* v. *State* (1907), 169 Ind. 177, 81 N. E. 913, cited in the main opinion and by appellant to the point that "a public nuisance always arises from unlawful acts" and that "the legislature cannot constitute a nuisance from the commission of an act which is lawful" held that a licensed saloon was not *per se* a nuisance under an act which provided that "every person who shall erect or continue and maintain any public nuisance to the injury of any part of the citizens of this state shall on conviction be fined not exceeding $100.00," §534, ch. 169, Acts 1905. It does not hold that the legislature in defining a new nuisance and creating a penalty for maintaining the same is limited to acts which theretofore have been unlawful.

In *Torphy* v. *State* (1918), 187 Ind. 73, 118 N. E. 355, cited in the prevailing opinion, it was held that an allegation in an indictment of a prior conviction for a similar offense should on motion be stricken out where the statute

makes no provision concerning a second conviction. There "the fact of a prior conviction was not, under the issues . . . a circumstance which could properly be brought to the attention of the jury in any manner as a part of the state's case." *Ibid.* p. 75. But, in the case at bar, the fact, which was shown in evidence, that appellant kept intoxicating liquors for sale on his house boat was pertinent to the issues as to whether persons resorted thereto for the purpose of drinking intoxicating liquors as a beverage.

The evidence showed that appellant operated the power boat Rainbow and the barge Defiance for excursions on the Wabash River. The barge had a large dancing floor and the boat was a house boat of four rooms, surrounded by a platform or deck. At the time of the search, a three-gallon bucket was thrown from a window into the river. The bucket was taken from the river by one of the officers and found to contain water and "white-mule" whisky, the solution testing twenty-eight and three tenths per cent. alcohol by volume. There was testimony that home-brew beer was sold by appellant and his wife while the boat was on the river with a crowd on a pleasure trip and that everyone on the boat, fifty to seventy-five passengers, was intoxicated.

It is stated in the main opinion that "the State was entitled on the trial of the case to read the affidavit to the jury in stating its case." The record shows that the case was tried by the court without the intervention of a jury, but if there had been a jury trial, the defendant would have been entitled to an instruction informing the jury that the affidavit did not constitute evidence of any fact in the case.

I believe that the affidavit was sufficient to withstand the demurrer, that the judgment based thereon was

sufficient to withstand the motion in arrest, and that it should be affirmed.

Gemmill, J., concurs in the conclusion of the dissenting opinion.