STATE OF INDIANA *v*. BROWN.

[No. 26,435.   Filed July 2, 1935.]

*Nathan Mendenhall, Russell E. Wise, Philip Lutz., Jr.,* Attorney-General, and *Ralph E. Hanna,* Assistant Attorney-General, for appellant.

*George H. Ward,* and *Frederick S. Caldwell,* for appellee.

FANSLER, J.—The following indictment was returned against appellee:

"INDICTMENT FOR PRESENTING FALSE
CLAIMS.

"The grand jury of Randolph county, in the State of Indiana, good and lawful men, duly and

legally impanelled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Randolph in the name and by the authority of the State of Indiana, on their oath present that one Omer W. Brown, late of said county, on the 9th day of July, A. D. 1932, at said county and state aforesaid, did then and there unlawfully, feloniously, and knowingly alter, change, forge, and increase a claim made and filed in the name of one Nellie G. Mills, deputy assessor of Green township, Randolph county, Indiana, and did file the same in the office of Omer W. Brown, who was then and there the auditor of Randolph county, Indiana, and did cause to be presented to the board of commissioners of said county, a certain false and fraudulent claim upon account for services alleged and pretended to have been rendered and furnished to said county by the said Nellie G. Mills, which said presented claim was in and of the following tenor, to-wit: (Here is set out the claim, with separate items showing the month, day, year, nature of the work performed, hours, and the amount of the claim for that day in dollars.) And that said claim was altered, changed, forged, and increased by the said Omer W. Brown, by increasing the number of hours worked from April 26, 1932, to May 14, 1932, inclusive, from 128 hours worked to 184 hours, when he, the said Omer W. Brown, well knew that the said Nellie G. Mills had not worked the said number of hours as was changed and increased on her claim by the said Omer W. Brown, and the said Omer W. Brown did the aforesaid acts with the unlawful, felonious and fraudulent intent and purpose to then and there enable the said Nellie G. Mills to procure from said board of county commissioners of Randolph county, Indiana, an order allowing the said claim as altered, increased and filed by the said Omer W. Brown, and from said auditor then obtain a warrant for the payment of said claim out of the county treasury of said county, and to then and there and thereafter have the said Nellie G. Mills pay over to him, the said Omer W. Brown, the amount in excess of the sum actually due the said Nellie G. Mills for services rendered, and to there and thereby cheat and defraud the said county of Randolph, State of

Indiana, as aforesaid, whereas, in truth and in fact the said Omer W. Brown well knew that the said Nellie G. Mills had not rendered all of said services as were set out in the said claim as was altered and increased by him, and as was filed by him, the said Omer W. Brown, in the auditor's office of Randolph county, Indiana, and the said Omer W. Brown well knew that the said Nellie G. Mills had no lawful or just demand against said county of Randolph, State of Indiana, for the entire amount as was set forth and alleged to be due and owing her in said claim which was altered, increased, and filed by him, the said Omer W. Brown, as aforesaid, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Upon motion the indictment was quashed.

The sole question involved in this appeal is the sufficiency of the indictment. In the appellant's brief it is said that the indictment charges appellee with violation of the provisions of section 2946, Burns 1926, §10-2102, Burns 1933, §2746, Baldwin's 1934, which defines the crime of forgery of certain written instruments and public records. It will be noted that the indictment is denominated "Indictment for Presenting False Claims," a crime defined by section 2945, Burns 1926. Appellee contends that the indictment is not sufficient to charge an offense under either section; that if it charges a crime under both sections it is bad for duplicity, and that if there is doubt as to which crime is intended to be charged it is bad for uncertainty. Since appellant makes no contention in its brief that the indictment is sufficient to charge the crime of presenting false claims, we consider that it is conceded to be insufficient under section 2945, *supra*. That part of the indictment which alleges that the defendant "did then and there unlawfully, feloniously, and knowingly alter, change, forge, and increase a claim made and filed in the name of one Nellie G. Mills," would seem

to indicate a purpose to charge the crime of forgery, but that part of the indictment which reads "and did cause to be presented to the board of commissioners of said county, a certain false and fraudulent claim upon account for services alleged and pretended to have been rendered and furnished to said county by the said Nellie G. Mills," would seem to indicate a purpose to charge the crime of presenting false claims, and, since the connective "and" is used there is much to be said in support of the contention that it was intended to charge offenses under both statutes, which would make the indictment bad for duplicity. *Knopf* v. *State* (1882), 84 Ind. 316.

From an examination of the language of the entire indictment, it is difficult to say with any degree of assurance which crime was intended to be charged. Section 13 of article 1 of the Constitution of Indiana provides that in all criminal prosecutions the accused shall have the right "to demand the nature and cause of the accusation against him." This means that the offense must be charged in direct and unmistakable terms. The charge must be such that the defendant may know definitely what he has to meet, and that the court may know the crime intended to be charged. "Indictments must be particular and specific enough in their charges that the grand jury may not base an indictment on evidence of one crime and the petit jury base a verdict on evidence of another crime. An indictment must be so plain that an acquittal or conviction can be pleaded in bar of a subsequent prosecution for the same offense." *Hinshaw* v. *State* (1919), 188 Ind. 147, 151, 122 N. E. 418.

Viewed as an indictment for forgery, it is not clear whether the indictment is drawn upon the theory that

the claim was first filed and thus became a public record which was altered by the defendant, or upon the theory that the claim, which does not fall within the class specifically described in the statute, and which therefore must fall under the classification "any other instrument in writing," was altered after it was prepared and before it was filed for allowance. Nor does it appear by specific allegation that the claim was altered in any material respect. It is not alleged that the amount claimed to be due was changed or altered. The indictment merely alleges that it was changed by increasing the number of hours worked. Nor is it alleged that the claim was changed without the knowledge and consent of Nellie G. Mills, who was the claimant. Neither is there any allegation which indicates what words or figures were changed. Changes which are forged upon a written instrument are susceptible of specific description, but here it is only alleged that the claim was altered by increasing the number of hours worked.

If the allegations which have reference to forgery are eliminated, and we assume that the claim was changed with the consent of or at the instance of Nellie G. Mills, which is not inconsistent with the allegations of the indictment, there are not sufficient facts to charge the defendant with filing a false claim. It is true that the facts might have been sufficient, with some additional allegations, to support a charge of conspiracy to file a false claim, but no effort was made to charge the crime of conspiracy. As we view it, the indictment is not sufficient to charge either forgery or filing a false claim.

Appeal not sustained.