ARRINGTON *v.* STATE OF INDIANA.

[No. 28,750. Filed January 22, 1952. Rehearing denied February 19, 1952.]

*Howard R. Hooper,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *George W. Hand* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with the crime of forgery under the Acts of 1905, ch. 169, §676, p. 584, being §10-2102, Burns' 1942 Replacement; tried by the court without the intervention of a jury; found guilty as charged, and sentenced to the Indiana State Prison for a term of not less than two (2) years or more than fourteen (14) years and fined in the sum of Ten Dollars ($10.00) and costs.

The sole error assigned for reversal is the overruling of appellant's (defendant's) amended motion for a new trial.

*First:* Appellant contends that the decision of the court is not sustained by sufficient evidence.

The rule by which the sufficiency of evidence is determined was ably stated by Hughes, Judge, speaking for this court, in *Whitney* v. *State* (1934), 206 Ind. 562, 570, 188 N. E. 779, 782, as follows:

"It is not necessary on appeal that the evidence should show the defendant's guilt beyond a reasonable doubt in order for it to be sufficient to sustain the judgment. All that is required on appeal is that there shall be some evidence sustaining every material allegation of the affidavit or indictment and in determining whether a verdict or finding is sustained by sufficient evidence this Court will not weigh conflicting evidence, but will consider only that tending to support the judgment. A judgment will not be reversed for insufficiency of evidence

unless there is a total lack of evidence to support some essential element of the offense."

An examination of the record discloses the following evidence favorable to appellee.

James A. Partain, a member of the Indianapolis Police Force and a witness for the state, testified that he arrested appellant at the William H. Block Company, Illinois and Market Streets, in the city of Indianapolis, Indiana; that he talked to appellant regarding the check (state's Exhibit No. 1); and that he saw the check at that time and identified state's Exhibit No. 1 as being the check which he saw at the time of the arrest.[1] He further testified that state's Exhibit No. 1 was the check which he asked appellant about, and that appellant said that he had found it. He also testified that appellant admitted that he had attempted to pass the check.

Thelma Mae Laker, a witness for the state, testified that she worked at the William H. Block Company and that she was one of the employees whose duty was to identify and authorize checks for acceptance by the company; that she was so employed on or about January 1, 1950, and was so employed at the time of the trial. She further testified that she knew defendant and had seen him on or about January 11, 1950, at which time he presented state's Exhibit No. 1 to her to be cashed; that she made special identification marks on the check at the time it was presented to her, and at such time she saw appellant endorse a name (Frank Davis) on the check, but at that time she did not know

---

[1] State's Exhibit No. 1 is a check drawn on Security Trust Company, Indianapolis, Indiana, in the sum of $27.50, payable to Frank Davis, and bearing the endorsement of "Frank Davis." The drawer is Tri-State-Auto-Auction.

whether or not the name on the check was the name of appellant. She further testified that appellant did not receive money for the check but he was sent to "shop," and that he later presented the check for payment of a small amount of merchandise, to-wit: $1.85, and that to her knowledge he did not receive the merchandise. She further testified that at the time she received the check she made an effort to ascertain whether or not it was good, and that in her investigation she called the bank. She further testified that the check had been presented to the bank for payment and payment refused.

Carl Townsand, a witness for the state, testified that he was an employee of the William H. Block Company and was in charge of the house protection service; that he saw defendant in the store on or about January 11, 1950, and subsequently had a conversation with him which was, in part, as follows:

"The police officer on the corner, Hindman, and I walked up to the gentleman and I asked him if his name was Davis and he said it was, and I said, 'Where did you get this check?' and he said it was a payroll check. I said, 'For what?' and he said, 'Driving a truck.' I said, 'When did you receive it?' and he said, 'I just got it.' He said, 'What's the matter with it?' and I said, 'Well, the bank says it is not any good, and I just wondered where you got the check.'"

Appellant, testifying in his own behalf, denied that he knew anything about the check, the conversations hereinabove recited, or that he had been in Block's store on the day named in the affidavit. He also testified that he never signed the check or endorsed it at any time.

At the close of defendant's evidence the court asked Thelma Mae Laker the following question: "Mrs.

Laker, you testified on behalf of the state and I have heard your testimony. You have now heard the testimony of the defendant. The penalty for the commission of the crime of forgery, under the statute which defines that offense, is imprisonment for not less than two years nor more than fourteen years. Having heard the defendant's testimony, do you still tell the court that the defendant is the one who endorsed the check?"

The witness answered: "I do."

Measured by the rule above set out, we think this evidence sufficient to sustain the decision of the trial court.

*Second:* Appellant for his second ground for new trial contends that the decision of the trial court is contrary to law because the affidavit was defective in that it charged that "Frank Davis then and there well knowing the endorsement on said check to be false" instead of charging that appellant, Lee Andrew Arrington, had knowledge that such endorsement was false.

The affidavit upon which appellant was tried and convicted, omitting formal parts, is as follows:

"BE IT REMEMBERED That, on this day before me, GEORGE S. DAILEY, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came EDWARD TUTT who, being duly sworn, upon his oath, says that LEE ANDREW ARRINGTON on or about the 12th day of January, A. D. 1950, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously, falsely and fraudulently endorse and counterfeit a certain check purporting to have been endorsed and executed by one Frank Davis for payment of a sum of money to the said Frank Davis which said false and forged and counterfeit check is of the following tenor, viz:

TRI-STATE-AUCTION          No. 143

· Evansville, Indiana

Evansville, Ind. 1-11-50

PAY TO THE ORDER OF FRANK DAVIS   $27.50

Twenty-seven   - - - - - -   50/100 Dollars

(Service and expense)

Tri-State-Auto-Auction

SECURITY TRUST COMPANY

20-11    Indianapolis, Ind. 20-11   Charles S. Stuart

with the intent then and there and thereby feloniously, falsely and fraudulently to defraud the William H. Block Company, a corporation, he the said Frank Davis then and there well knowing the endorsement of said check to be false, forged and counterfeit then and there being . . . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

There is nothing in the record before us indicating that appellant (at the time he pleaded not guilty or at the time of his trial) objected to the name *Frank Davis* appearing in the affidavit, or that he at any time questioned the sufficiency of the affidavit in the court below. Appellant was not misled by this mistake in the affidavit. Under these circumstances he cannot now complain of an error to which objections should have been made by proper pleading in the trial court.

See, *Adams* v. *State* (1946), 224 Ind. 472, 475, 69 N. E. 2d 21.

In *State of Indiana* v. *Brown* (1935), 208 Ind. 562, 565, 196 N. E. 696, this court said:

"Section 13 of article 1 of the Constitution of Indiana provides that in all criminal prosecutions

the accused shall have the right 'to demand the nature and cause of the accusation against him.' This means that the offense must be charged in direct and unmistakable terms. The charge must be such that the defendant may know definitely what he has to meet, and that the court may know the crime intended to be charged. 'Indictments must be particular and specific enough in their charges that the grand jury may not base an indictment on evidence of one crime and the petit jury base a verdict on evidence of another crime. An indictment must be so plain that an acquittal or conviction can be pleaded in bar of a subsequent prosecution for the same offense.' *Hinshaw* v. *State* (1919), 188 Ind. 147, 151, 122 N. E. 418."

A careful examination of the affidavit hereinabove set out discloses that the offense of forgery is charged in *direct* and *unmistakable* terms. The charge was such that the court knew the crime intended to be charged and appellant knew what he had to meet. The affidavit is sufficiently plain that appellant's conviction thereon may be pleaded in bar of any subsequent prosecution for the same offense.

Upon the record before us the affidavit herein was sufficient. There was sufficient evidence to sustain the decision of the trial court, and its decision was not contrary to law.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 103 N. E. 2d 210.