ROBINSON *v.* STATE OF INDIANA.

[No. 28,915.   Filed June 15, 1953.]

*Harry E. Vernon,* of Goshen, for appellant.

*J. Emmett McManamon,* former Attorney General, *Edwin K. Steers,* Attorney General, *John Ready O'Connor, William T. McClain, Thomas J. Faulconer, III, Owen S. Boling,* Deputy Attorneys General, for appellee.

DRAPER, J.—The appellant was convicted on each of the two counts of an amended affidavit filed against him in the Noble Circuit Court. He filed a timely motion to quash each count of the affidavit, assigning the second and fourth statutory grounds. Burns' 1942 Repl., §9-1129.[1] The motion was overruled, and the correctness of that ruling is the only question presented.

1. "The defendant may move to quash the indictment or affidavit when it appears upon the face thereof either:

. . .

The first count, based on Burns' 1948 Repl., §25-849 (e) alleges, substantially in the language of the statute, that the appellant sold, caused to be sold and caused to be offered for sale, certain securities required to be registered under the law, to-wit: stock in a certain corporation, with knowledge that the corporation was insolvent at the time. It does not allege the name of the person or persons to whom the securities were sold, caused to be sold or caused to be offered for sale, nor does it allege that such are unknown.

The names of third persons who are only incidentally or collaterally connected with the offense charged against an accused need not be stated in an affidavit or indictment. *The State* v. *Hopper* (1892), 133 Ind. 460, 32 N. E. 878; Joyce on Indictments, 2nd Ed., §438. But as a general rule the name of one injured in his person or property, by the act of the accused, or the name of one whose identity is essential to a proper description of the offense charged should be alleged if known, and if unknown that fact should be alleged. Ibid §432. 42 C.J.S., Indictments & Informations, §142.

The defendant has a right to require that a charge against him be made with such certainty as will enable him to distinguish it from other violations of the same statute, and with such particularity as will enable him to anticipate the proof which may be adduced against him and prepare to meet it. *Mayhew* v. *State* (1920), 189 Ind. 545, 128 N. E. 599. The averments must be so clear and distinct that there may be no difficulty in determining what evidence is

"Second. That the facts stated in the indictment or affidavit do not constitute a public offense.

"Fourth. That the indictment or affidavit does not state the offense with sufficient certainty."

admissible thereunder. *Mayhew* v. *State, supra; Funk* v. *The State* (1898), 149 Ind. 338, 49 N. E. 266; *Padgett* v. *State* (1906), 167 Ind. 179, 78 N. E. 663; *Large* v. *State* (1928), 200 Ind. 430, 164 N. E. 263. The charge must be preferred with such reasonable certainty as will enable the court and jury to distinctly understand what is to be tried and determined, and fully inform the defendant of the particular charge which he is to meet. *Large* v. *State, supra.* It must be particular and specific enough so that the grand jury may not base an indictment on evidence of one crime and the petit jury base a verdict on evidence of another. *State of Indiana* v. *Brown* (1935), 208 Ind. 562, 196 N. E. 696.

In holding, in *McLaughlin* v. *The State* (1873), 45 Ind. 338, that the names of those to whom intoxicating liquor was sold must be set out in the indictment, this court said at p. 344:

"The principal objects in requiring a reasonable degree of particularity in charging an offence are, first, in order to identify the charge, lest the grand jury should find a bill for one offence and the defendant be put upon his trial, in chief, for another, without any authority. Second. That the defendant's conviction of acquittal may enure to his subsequent protection, should he be again questioned on the same grounds; the offence, therefore, should be defined by such circumstances as will, in such case, enable him to plead a previous conviction or acquittal of the same offence. Third. To warrant the court in granting or refusing any particular right or indulgence, which the defendant claims as incident to the nature of the case. Fourth. To enable the defendant to prepare for his defence, in particular cases, and to plead in all, or, if he prefer it, to submit to the court, by demurrer or motion to quash, whether the facts alleged, supposing them to be true, so support the conclusion in law, as to render it necessary for him to make any answer to the charge. Fifth. Finally and chiefly, to enable the court, looking at the record after conviction,

to decide whether the facts charged are sufficient to support a conviction of the particular crime, and to warrant their judgment; and also, in some instances, to guide them in the infliction of a proportionate measure of punishment upon the offender."

These rules have been applied in many of our cases other than those above cited. Some of them are the following: *The State* v. *Stucky, in Error* (1829), 2 Bkf. 289; *Butler* v. *The State* (1840), 5 Bkf. 280; *The State* v. *Irvin* (1840), 5 Bkf. 343; *The State* v. *Noland* (1867), 29 Ind. 212; *Walters* v. *State* (1910), 174 Ind. 545, 92 N. E. 537; *Compton* v. *State* (1930), 201 Ind. 535, 170 N. E. 325; *Glaser* v. *State* (1932), 204 Ind. 59, 183 N. E. 33. We are required to hold that count one of the affidavit was insufficient to withstand a motion to quash.

The second count reads as follows:

"Wayne L. Thompson, first being duly sworn, upon his oath, says that on or about the 22nd day of March, 1950, at the county of Noble, State of Indiana, Theodore Robinson, Ira W. Johnston and Porter B. Williamson, then and there being officers and directors of the Local Grocery Corporation, did then and there unlawfully, fraudulently, knowingly and falsely, in writing, to-wit: a written prospectus and financial statement of the Local Grocery Corporation, pretend to Wayne L. Thompson, with the intent then and there by such false pretenses to cheat and defraud the said Wayne L. Thompson for the purpose of obtaining money from Wayne L. Thompson, that the Local Grocery Corporation was the owner of real estate of the value of seventy thousand, six hundred and fifteen ($70,615.00) dollars, and further that the said Local Grocery Corporation was engaged in the wholesale selling of goods and the operation of foods super markets, primarily in the state of Indiana, and at said time was operating one super market; whereas in truth and in fact, the said Local Grocery Corporation at

that time was the owner of no real estate whatever in the State of Indiana or elsewhere, and in truth and in fact, the Local Grocery Corporation at that time did not own, and did not operate a super market in the state of Indiana or elsewhere; that the said Wayne L. Thompson, relying upon said false pretenses and false representations of the said Theodore Robinson, Ira W. Johnston and Porter B. Williamson, officers and directors of the aforesaid Local Grocery Corporation, and believing the same to be true, and being deceived and having no means of ascertaining to the contrary, did then and there, and by reason of such reliance, and belief, agree to purchase 45 shares of stock in the Local Grocery Corporation, and did then and there pay and deliver to Theodore Robinson, Ira W. Johnston and Porter B. Williamson, officers and directors of the Local Grocery Corporation, his check payable to the Local Grocery Corporation, for the sum of $525.00 drawn upon the Community State Bank, Avilla, Indiana, which check was duly presented for payment, and paid by said bank to the said Theodore Robinson, Ira W. Johnston and Porter B. Williamson, officers and directors of the Local Grocery Corporation; that said Local Grocery Corporation was then and there insolvent, and the stock of said corporation was then and there of no value, contrary to the form of the statute made and provided in such cases and against the peace and dignity of the state of Indiana."

The state insists this count was drawn pursuant to Burns' 1942 Repl., §10-2103, and is sufficient thereunder. That section provides that:

"Whoever, with intent to defraud another, designedly, by color of any false token or writing, or any false pretense, . . . obtains from any person . . . any money, or the transfer of any . . . check, shall, on conviction, etc."

While the law does not require technical niceties in the averments of an affidavit or indictment, *Garrison* v.

*State* (1935), 208 Ind. 690, 193 N. E. 587, the offense must nevertheless be charged in direct and unmistakable terms. *State of Indiana* v. *Brown, supra.* We think the second count of the affidavit is lacking in this respect. It is not therein alleged that Wayne L. Thompson was induced to and did purchase forty-five shares of stock, or any stock, in the corporation, or that he delivered his check, or anything of value, in payment for stock of the corporation, worthless or otherwise. It is alleged that he "agreed" to purchase stock, but it is not alleged from whom he agreed to purchase it or that he did, in fact, purchase it. It is alleged that he delivered his check to the defendants, but the purpose for which he delivered the check to the defendants, or what motivated him to do so, is not stated. There is in fact a complete lack of consistent connection between the alleged false pretenses and any accomplished fraud. Such a lack of certainty is fatal to an affidavit charging false pretense. *Wagoner* v. *The State* (1883), 90 Ind. 504;[2] *Compton* v. *State, supra;* *Campbell* v. *State* (1900), 154 Ind. 309, 56 N. E. 665.

It may be that Thompson's check did in fact represent part payment or payment in full for forty-five shares of worthless stock. On the other hand it might have had nothing to do with the stock or any agreement to purchase stock. It might be argued with much plausibility that the former possibility is more likely than the latter, in the light of the language found in the affidavit, but neither possibility may be assumed, for ambiguities and uncertainties in the language used to charge the obtaining of money or property by false pretense cannot be supple-

2. Overruled on other grounds in *Lefler* v. *The State* (1899) 153 Ind. 82, 54 N. E. 439.

mented by intendment, by argument or by implication. *Compton* v. *State, supra.*

In the light of what has been said we need not consider other asserted defects in either count of the affidavit.

Judgment reversed and cause remanded with instructions to sustain appellant's motion to quash each count of the affidavit.

Flanagan, J., not participating.

NOTE.—Reported in 112 N. E. 2d 861.