GENNAITTE *v.* STATE OF INDIANA.

[No. 30,246. Filed March 6, 1963.]

Widaman, Bowser & Widaman, John D. Widaman and Max E. Reed, of counsel, all of Warsaw, for appellant.

Edwin K. Steers, Attorney General, and William D. Ruckelshaus, Assistant Attorney General, for appellee.

ACHOR, J.—Appellant was charged by affidavit in two counts and convicted thereunder of (1) forgery of a check and (2) uttering a forged check.

Appellant asserts as error that, (a) neither Count I nor Count II of the affidavit constituted a criminal offense; nor did either charge such offenses with sufficient certainty, and (b) the court committed reversible error, with respect to the admission and exclusion of certain evidence.

The issue as to the sufficiency of the affidavit was raised first by a motion to quash and, later, by a motion in arrest of judgment.

Since the same alleged defects are relied on in support of each of the above pleadings, and since defects in an affidavit or indictment are more liberally construed in favor of the state when attacked by motion in arrest of judgment than when raised prior to trial on motion to quash, it is sufficient to the purpose of this opinion that we consider said defects only as challenged by appellant's motion to quash, where they are considered most liberally in favor of the appellant. *Britt* v. *State* (1962), 242 Ind. 548, 180 N. E. 2d 235.

The affidavit, omitting formal parts, reads as follows:

"COUNT I: Earl L. Teghtmeyer, being duly sworn upon oath says that on or about the 10th day of May, 1961, at and within the County of Kosciusko and State of Indiana, one Angelo M. Gennaitte, then and there being, did then and there unlawfully, feloniously, falsely and fraudulently make, forge and counterfeit a certain check purported to have been made and executed by one Richard Nice for the payment of a sum of money, to-wit: Six thousand dollars ($6,000.00), payable to the order of E. L. Teghtmeyer, which said false, forged and counterfeit check is in the following tenor, viz:

'Fort Wayne, Ind. 5-10, 1961

$$\frac{71\text{-}27}{712}$$

LINCOLN NATIONAL BANK AND TRUST CO.

Pay to the
Order of E. L. Teghtmeyer        $6,000
Six Thousand    00/100        Dollars
Account No. L——        s/ Richard Nice'

with intent then and thereby feloniously, falsely and fraudulently to defraud Earl L. Teghtmeyer, ... the same being contrary to the form of the Statute in such cases made and provided, and

against the peace and dignity of the State of Indiana.

COUNT II. Earl L. Teghtmeyer, being duly sworn upon oath says that on or about the 10th day of May, 1961, at and within the County of Kosciusko and State of Indiana, one Angelo M. Gennaitte, then and there being, did then and there unlawfully, feloniously, fraudulently and knowingly utter, publish and deliver to Earl L. Teghtmeyer as true a certain false, forged and counterfeit check purported to have been made and exectued by one Richard Nice for the payment of a sum of money, to-wit: Six thousand dollars ($6,000) payable to the order of one E. L. Teghtmeyer, which said false, forged and counterfeit check is of the following tenor, viz:

'Fort Wayne, Ind. 5-10, 1961

71-27
―――
712

LINCOLN NATIONAL BANK AND TRUST CO.

Pay to the
Order of E. L. Teghtmeyer
Six Thousand    00/100    Dollars
Account No. L——    s/    Richard Nice'

with intent then and there and thereby feloniously, falsely and fraudulently to defraud the said Earl L. Teghtmeyer as aforesaid, .... he, the said Angelo M. Gennaitte, then and there well knowing the said check to be false, forged and counterfeit; the same being contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant concedes that the allegations of the affidavit conform to the language of Acts 1905, ch. 169, §676, p. 584, being §10-2102, Burns' 1956 Repl. However, appellant asserts that Count I, which alleges that the defendant did "make, forge and counterfeit a certain check [describing it]," does not charge a criminal offense and does not charge an offense

with sufficient certainty, because it does not state specifically the act or acts committed by the appellant which constituted the forgery of the instrument described. Appellant asserts that the words used to describe the offense are generic terms which, although in the language of the statute, are not sufficient to meet the required test of certainty or particularity because they do not enable the court and jury to understand distinctly what is to be tried and determined, nor do they fully inform the defendant of the particular charge he is to meet.

In support of the above contention, appellant cites the case of *Large* v. *State* (1928), 200 Ind. 430, 434-435, 164 N. E. 263. However, the insufficiency of the allegation in that case, as compared with the allegation with which we are presently concerned, is so apparent that little discussion is warranted. As stated in the *Large* case, *supra*:

"In the affidavit in the instant case, it is alleged that the appellant, 'on or about the 5th day of March, 1924, ... did then and there unlawfully keep, maintain and assist in keeping and maintaining a common nuisance, to wit: a room, house, building, structure, and place where intoxicating liquors were then and there kept for sale, barter, delivery and given away in violation of the laws of the State of Indiana.' The affidavit further alleges, 'and where persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage in violation of the laws of the State of Indiana.'

"The first clause of this affidavit which alleges that intoxicating liquors were then and there kept for sale, etc., is alleged as a material element of the offense or crime of keeping and maintaining a nuisance, but, at the time this affidavit was filed, it was not a crime or public offense nor unlawful to keep intoxicating liquor with the intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same.

There is no allegation in the affidavit that such keeping of intoxicating liquor for the purpose named in such affidavit was unlawful because prohibited by statute or for any other reasons, and, in fact, it appears heretofore in this opinion that such keeping for such purpose as named in the affidavit was not unlawful.

"It is further alleged in said affidavit that such nuisance was kept and maintained by keeping a place where persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage in violation of the laws of the State of Indiana, but the affidavit furnishes no information as to why this was a violation of the laws of the State of Indiana. . . ."

Notwithstanding the allegations contained in the affidavit, since the drinking of intoxicating liquor in a public place was not in itself an unlawful act, the unanswered question remains: By reason of what unlawful act or acts did the facts alleged constitute a criminal offense?

In contrast with the circumstances in the *Large* case, *supra*, it cannot be said in the case at bar that the appellant was not fully informed of the particular unlawful acts with which he was charged and what evidence would be admissible, both in support of and in defense of such charge. Likewise, the cases of *Mayhew* v. *State* (1920), 189 Ind. 545, 128 N. E. 599, and *Hunt* v. *State* (1927), 199 Ind. 550, 159 N. E. 149, cited and relied upon by the appellant, are distinguishable in the facts presented. Contrary to the contentions made by the appellant, an affidavit charging that appellant did feloniously "make, forge and counterfeit" a check, setting out the terms thereof, with intent to defraud the purported maker of such check, states a criminal offense and states it with sufficient certainty. *Bottorff* v. *State* (1927), 199 Ind.

540, 156 N. E. 555. Therefore, the motion to quash was properly overruled as to Count I of the affidavit.

With respect to Count II, appellant asserts that it was fatally insufficient in that, (1) "It leaves to the speculation of the defendant the question of whether Richard Nice executed the check or not." And further, (2) [as stated by appellant] the "affidavit in Count II, does not allege that said Earl L. Teghtmeyer parted with anything of value, ... [or] what was received by the defendant, if anything."

Contrary to appellant's contention, the affidavit specifically alleges that the appellant, "Angelo M. Gennaitte ... did ... make, forge and counterfeit" the check and that said check was "purported to have been made and executed by Richard Nice." The affidavit leaves no room for speculation as to whether Angelo M. Gennaitte, the appellant, or Richard Nice, the purported maker of the check, is charged with its execution.

Next we consider appellant's contention that the affidavit was fatally defective because it did not allege that the recipient parted with, or that the appellant received, anything of value, as a result of the check having been uttered. In support of this contention appellant cites and relies upon the case of *Robinson* v. *State* (1953), 232 Ind. 396, 112 N. E. 2d 861. However, that case involved an action for *obtaining property* under false pretense under Acts 1907, ch. 228, §1, p. 431, being §10-2103, Burns' 1956 Repl. Under such a charge there must of necessity be allegations both that there was intent to defraud, and that some property or thing of value was *obtained* from the defrauded party. However, this is not true under §10-2102, pertaining to the uttering of a forged check. All that need be alleged

under this statute is that the check was uttered (1) with intent to defraud. As stated in the case of *Beck* v. *State* (1958), 238 Ind. 210, 213, 149 N. E. 2d 695:

> " 'Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. It is not essential that accused should have been implicated in the forgery, that the instrument be accepted as genuine, or that anyone be actually prejudiced by it.' 37 C. J. S., *Forgery*, §37, p. 57."

Appellant asserts further that the court committed error in admitting into evidence State's Exhibit B, which was a mat showing the record of all the checks that had been returned or processed in the bank on May 15, 1961. However, no issue was reserved upon this question since the motion for new trial does not contain the state's offer to introduce the exhibit or its substance into evidence nor appellant's objections thereto. *Triggs, etc.* v. *State* (1958), 238 Ind. 260, 149 N. E. 2d 545.

Finally, appellant asserts that the court committed reversible error by admitting into evidence appellant's confession and by refusing to permit the appellant to testify concerning its admissibility prior to its admission. Appellant objected to the admission of the statement on the grounds that the corpus delicti had not yet been proved in the case. Counsel then further requested: "[I]n event the Court overrules this objection, that the defendant be then permitted to testify concerning the admissibility of this written confession, . . ." The court examined the statement and, being satisfied as to its form and execution, overruled appellant's objection and [without ruling on appellant's motion to hear evidence concerning

the admissibility of the confession] admitted the confession into evidence. The appellant then moved the court to suppress the exhibit on the ground that the confession was given under the influence of fear produced by intimidation and further moved the court to be heard on the question. The court, after having appellant's original objection read back, commented that the objection was indefinite and further commented that "the Court ... had no idea that you were going to object on the basis of a coerced confession." Thereafter the court made an entry that, being further advised, he was setting aside and striking all of the record with respect to the admission of the State's Exhibit C, and that the court "now reinstates and puts in the record the offer of the State to introduce State's Exhibit C and give the defendant an opportunity to start afresh, making objections, motions, concerning the admissibility of said exhibit. The defendant may now proceed."

The appellant then objected to the court's action. The appellant then moved for a mistrial on the ground that the court had erred in not permitting the defendant to introduce evidence concerning the admissibility of the exhibit, notwithstanding his timely request that he be permitted to admit such evidence. The court then overruled appellant's objection to the setting aside and striking from the record the matters pertaining to the admissibility of State's Exhibit C, and the reinstatement of the State's offer to introduce said exhibit. The court also overruled appellant's motion to declare a mistrial, and stated: "[T]he defendant is now given an opportunity to make his objections, motions, and otherwise go forward."

The appellant then objected to the readmission of Exhibit C, on the ground that the corpus delicti had

not been proved but refused to make any further objection or make any interrogation upon the subject, stating that, "the defendant elects to stand on the record to date in this cause."

Appellant does not here argue that the corpus delicti had not first been proved before the confession was offered in evidence. Therefore, that issue is waived. Thus, the only question presented, with respect to the admission of Exhibit C [the confession], is whether the court committed reversible error in not allowing the appellant to be heard, with respect to the admission of such confession prior to its admission in the first instance.

Although the rule is well settled that the judge must hear evidence regarding the voluntariness of a confession [Wigmore on Evidence 3rd Ed. §861, Vol. 3, p. 344], an admission in proper form and properly identified is *prima facie* admissible and should be received without question, unless it is shown that it was improperly induced. *Hauk* v. *The State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465.

Since the appellant declined to make any proof in contradiction of the voluntary character of the admission when given an opportunity to do so, we find no basis upon which this court can conclude that the appellant was in anywise prejudiced, or might have been prejudiced, by reason of the initial ruling of the court with respect to the admission of evidence regarding the admissibility of the confession. See, *Henderson* v. *State* (1954), 233 Ind. 598, 122 N. E. 2d 340.

For the reasons above stated, judgment is affirmed.

Arterburn, Landis and Myers, JJ., concur.

Jackson, C. J., concurs in the result.

NOTE.—Reported in 188 N. E. 2d 412.