## STATE v. REICHERT.

[No. 28,336. Filed April 22, 1948.]

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy, *George W. Hadley,* Deputy Attorney

General, and *Milford M. Miller*, Prosecuting Attorney, 1st Judicial District, of Counsel, for the State.

*Manson L. Reichert, W. D. Hardy, Benj. F. Zieg*, and *Lockyear & Lockyear*, all of Evansville, for appellee.

O'MALLEY, J.—An indictment in nine counts was returned against the appellee in Vanderburgh County, Indiana. Motions to quash were sustained as to counts numbered three, four, five, six, eight and nine, and no questions are raised as to those rulings. Three motions were filed and addressed to counts numbered one, two and seven of the indictment. The court sustained the motions as to the three counts, and 30 days were granted to the State of Indiana to return an amended indictment or to file an affidavit. The State informed the court that it refused to plead further and desired to appeal, and judgment was then entered discharging the appellee from custody, and from that judgment the State appealed to this court.

The three counts of the indictment except as to date of occurrence, amount of money received and the person from whom it was received were, omitting formal parts, each as follows:

> "The Grand Jurors for the County of Vanderburgh and State of Indiana, upon their oaths, present and charge that Manson L. Reichert on or about the 17th day of June, A. D. 1945, at said County being then and there a member of and the Chairman of a political committee, to-wit: The Vanderburgh County Republican Central Committee, did then and there unlawfully and corruptly collect and receive money, to-wit: the sum of Five Thousand Dollars ($5,000.00), from one Alvin R. Brown, for political purposes, a more exact nature of which is unknown to the Grand Jury, and did then and there unlawfully and corruptly fail to pay over and make the same to pass through the

hands of the duly appointed Treasurer of said political committee. Contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

Two of the grounds asserted in the motions to quash were that the facts stated in the indictment did not constitute a public offense and that the indictment did not state the offense with sufficient certainty.

The appellee asserts that counts numbered one, two and seven of the indictment charged the appellee with three distinct offenses not growing out of the same transaction, and that such counts were improperly joined in the one indictment.

In *Strickland* v. *State* (1940), 217 Ind. 588, 591, 29 N. E. 2d 950, 951, this court in ruling on a claimed error of the lower court in overruling a motion in arrest of judgment, made this statement:

"It is true that the pleading of separate and distinct offenses, created by separate and distinct acts of the statute, or by separate statutes, is forbidden, . . . ."

A motion to quash tests the sufficiency of an indictment or affidavit in the same manner as a demurrer tests the sufficiency of a complaint in a civil action. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125. However, since the statute authorizing the motion to quash sets out the specific grounds upon which it can be based, but does not provide for a memorandum, a motion drawn under the statute, covers all faults appearing on the face of the pleading which are included in the cause asserted whether or not the particular ground has been specifically called to the attention of the lower court. *Lynn* v. *State* (1934), 207 Ind. 393, 193 N. E. 380.

In *Rokvic* v. *State* (1924), 194 Ind. 450, 454, 143 N. E. 357, 358, it is said:

> "If an affidavit *shows upon its face* that ■ separate offenses, relating to *different transactions,* are improperly joined in different counts, the affidavit may be quashed."

The appellee in the instant case filed motions to quash drawn in conformity with the statute, § 9-1129, Burns' 1942 Replacement. Said motions specified causes numbered one, two and four thereof.

The first count of the indictment is based upon the receipt of money on June 17, 1945, from Alvin R. Brown; the second count of the indictment is based upon receipt of money on October 12, 1946, from Alvin R. Brown; and the seventh count of the indictment is based upon receipt of money on May 1, 1946, from Benjamin H. Bartlett and Clarence Coogan. It was charged that the appellee received the sums named in the indictment and corruptly failed to pay the same over to the appointed treasurer of the committee, in violation of § 29-5703, Burns' 1933 (Supp.).

As we view the matter the receipt and failure to pay over is the gist of the offense. There were three separate times when money was charged to have been received, and the receipt of the money was on three occasions each of which was separated from the others by six months of time. There is nothing alleged which shows the three acts to be related in point of time or purpose. They were not matters that arose out of the same transaction, but must have been three separate transactions. See *Joslyn* v. *The State* (1891), 128 Ind. 160, 27 N. E. 492; Ewbank's, *Indiana Criminal Law,* (2nd ed.), § 327, p. 200.

Each count alleged that the appellee was chairman of the Vanderburgh County Republican Central Com-

mittee. As we understand the law, the chairman of a county committee is, by virtue of his office as such, a member of the district committee of the same party. Each of these committees should have a treasurer. The appellee could collect for either or for both committees. Under the indictment each allegation could be true and yet the appellee would be guilty of no wrong. If he collected for and paid to the treasurer of the district committee, the county committee would not have been harmed, and no offense would have been committeed because the money had not been turned over to the treasurer of the county committee.

> "An indictment must state with certainty and precision the facts and circumstances which constitute the offenses charged."

■ Ewbank's, *Indiana Criminal Law*, (2d ed.), § 342, pp. 213, 214.

We have concluded that the three charges were distinct and separate and that they were improperly joined in the same indictment.

■ The appellee also asserts that the indictment is uncertain because facts should have been alleged showing that he collected for or on behalf of one or the other committee; that facts should have been alleged showing that the committee had appointed a treasurer; and that such treasurer should be named.

We are of the opinion that the three counts of the indictment under consideration were so worded that it was uncertain as to which of the two committees should have received the money through its treasurer. We also are of the opinion that there should have been an allegation that a treasurer had been appointed for the committee for which the money was intended, and that it should have been al-

leged that the appellee did collect the money for that certain committee.

In *Sherrick* v. *State* (1906), 167 Ind. 345, 350, 79 N. E. 193, 194, this court, while considering the sufficiency of an indictment for embezzlement, made this comment:

> "It may be said, however, that under the certainty required in criminal pleading in this State, whenever a trial judge finds it necessary to the administration of justice to grant a bill of particulars, he has found an ample reason for quashing the indictment for uncertainty."

The State asserts that there was no uncertainty in the indictment, but does not attempt to answer the contentions of the appellee. The State likewise asserts that the three counts were based on matters arising out of one transaction, but there is no attempt to show how three isolated occurrences were one and the same transaction. The theory of the State is not clear. It overlooks the fact that the indictment charged the appellee with being a member of two committees without showing for which he acted. The State relies on *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819, on this point. That case is of considerable length, but the writer is unable to find anything in that case that would benefit the State. A bill of particulars was needed to clarify the charge, and the motions to quash were proper under *Sherrick* v. *State, supra.*

This court in the case of *State of Indiana* v. *Brown* (1935), 208 Ind. 562, 565, 196 N. E. 696, 697, in which an appeal was taken by the state upon the ground that a motion to quash was erroneously sustained, used the following language:

> "From an examination of the language of the entire indictment, it is difficult to say with any degree of assurance which crime was intended to

be charged. Section 13 of article 1 of the Constitution of Indiana provides that in all criminal prosecutions the accused shall have the right 'to demand the nature and cause of the accusation against him.' This means that the offense must be charged in direct and unmistakable terms. The charge must be such that the defendant may know definitely what he has to meet, and that the court may know the crime intended to be charged. 'Indictments must be particular and specific enough in their charges that the grand jury may not base an indictment on evidence of one crime and the petit jury base a verdict on evidence of another crime. An indictment must be so plain that an acquittal or conviction can be pleaded in bar of a subsequent prosecution for the same offense.' *Hinshaw* v. *State* (1919), 188 Ind. 147, 151, 122 N. E. 418."

In that case there was uncertainty as to the crime intended to be charged, to-wit: forgery or presenting false claims. Here we have uncertainty as to the committee for whom the appellee was acting. It could have been either the county or the district committee. There is no allegation that a treasurer of either committee had been appointed. If no committee treasurer had been appointed there could have been no offense committed in failing to pay over the money collected.

In the instant case the indictment lacks many allegations necessary to the proper drafting of a criminal charge, and there is no authority that can be cited that will justify the drawing of an indictment or affidavit in such loose and incomplete language. See *State* v. *Rardon; State* v. *Montgomery* (1943), 221 Ind. 154, 163, 46 N. E. 2d 605, 609.

For the above reasons the judgment of the lower court is affirmed.

NOTE.—Reported in 78 N. E. 2d 785.