**Daniel J. LOCKE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 34A02–8709–CR–00357.**

Court of Appeals of Indiana, Second District.

Nov. 23, 1988.

Merrill W. Otterman, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Daniel J. Locke appeals his convictions upon seven counts of child molestation as a Class C felony. The charges were contained in two separate informations. Cause No. 6841 set forth two counts and Cause No. 6874 set forth five additional counts. All charges were consolidated for trial.

Locke presents two issues for our review:

(1) Whether the trial court erred in denying Motions to Dismiss the charges upon grounds that the offenses were inadequately charged in that the names of the victims were not alleged; and

(2) Whether he was entitled to sever all seven counts of the two informations so as to have seven separate and independent trials.

Because we reverse upon the first issue, we do not address the second issue.

### ADEQUACY OF THE CHARGES

The State concedes that in order to clearly apprise a defendant of the charge against him and to enable him to prepare a defense, the name of the victim must be alleged. *Robinson v. State* (1953) 232 Ind. 396, 112 N.E.2d 861; *Fadell v. State* (1983) 4th Dist. Ind.App., 450 N.E.2d 109. However, without citation of authority it contends that such defect was cured by the attachment of the probable cause affidavits and statements from the various victims.

Indiana Code 35–34–1–2 (Burns Code Ed. Repl.1985), the statute setting forth the requisite contents of an information, provides:

"(a) The indictment or information shall be in writing and allege the commission of an offense by:

*   *   *   *   *   *

(4) Setting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition...."

This requirement does not contemplate incorporation by attachment of a probable cause affidavit and a nineteen page statement of one who may or may not be the purported victim of a particular charge. Record at 8–25 inclusive.

Even in jurisdictions in which a bill of particulars is permitted to flesh in the details of a short-form charge, such will not cure a defect in an information. 41 Am. Jur.2d *Indictments and Informations* § 165 (1968). Furthermore, as held in *Sherrick v. State* (1906) 167 Ind. 345, 79 N.E. 193:

> "under the certainty required in criminal pleading in this State, whenever a trial judge finds it necessary to the administration of justice to grant a bill of particulars, he has found an ample reason for quashing the indictment for uncertainty." 167 Ind. at 350, 79 N.E. 193.

To the same effect is *State v. Reichert* (1948) 226 Ind. 171, 78 N.E.2d 785.

■ Whether or not the State might have successfully argued that Locke waived the inadequacy of the charges does not relieve us of the obligation to consider the merits of the appellate contention. Notwithstanding the position taken by Judge Buchanan in his dissent, *Dodson v. State* (1987) Ind., 502 N.E.2d 1333 holds that unless the State presents the waiver question we must address the merits of the issue.

■ Accordingly, we hold that the State may not supplement the information by extraneous matter attached thereto. Therefore, the trial court erred in denying the Motions to Dismiss.

We reverse and remand with instructions to set aside the convictions and to dismiss the charges.

STATON, J., concurs.

BUCHANAN, J., dissents with opinion.

BUCHANAN, Judge, dissenting.

It is my conclusion that the trial court was entitled to dismiss Locke's motion to dismiss with respect to his first two child molesting counts. Locke was arraigned on two counts of child molesting on September 23, 1985. At that time, he was informed by the judge that to avoid waiver, he would be required to file certain motions before his omnibus date of November 22, 1985. Locke's motion to dismiss was one such motion that was required to be filed before the omnibus date. Ind.Code 35–34–1–4 (1982) provides that when a defendant is charged with a felony, a motion for dismissal must be made no later than twenty days prior to the omnibus date. Locke, however, filed his motion to dismiss on February 5, 1986, which was well after the passing of the deadline. Under these circumstances, the trial court could summarily deny the motion. IC 35–34–1–4(b); *see also Averhart v. State* (1984), Ind., 470 N.E.2d 666, *cert. denied*, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 323.

The majority has waived consideration of the timeliness of Locke's motion to dismiss because the State did not raise it on appeal, but has instead addressed the merits of Locke's motion. While we have previously held that such waiver of error is appropriate, we have not held it to be required in every instance. In my view, we should be cautious in waiving plain error which is apparent on the record, whether such error favors the defendant or the State.

In this instance, the State was not required by statute to respond to Locke's motion to dismiss; the untimeliness of the motion permitted summary dismissal by the trial court. The public interest is ill served when we consider on appeal the merit of a motion which was dead and beyond hope of resuscitation at the trial level.

The judgment of the trial court with respect to the first two charges against Locke for child molesting should be affirmed.