O'RIORDAN *v.* STATE OF INDIANA.

[No. 30,447. Motion to dismiss denied September 9, 1965. Filed March 31, 1966.]

*Warren R. Everett,* of Terre Haute, for appellant.

*John J. Dillon,* Attorney General, and *Wilma T. Leach,* Deputy Attorney General, for appellee.

## ON MOTION TO DISMISS

JACKSON, C. J.—Appellant was charged by affidavit with the crime of obtaining money under false pretense. Trial by jury was had resulting in such verdict, judgment was pronounced thereon and appellant was fined in the sum of One Thousand Dollars and sentenced to the Indiana State Prison for a term of not less than one nor more than seven years.

From this sentence appellant has appealed. The grounds for appellant's motion for a new trial are:

"1. That the verdict of the Jury is contrary to law.
"2. That the verdict of the jury is not sustained by sufficient evidence."

Appellant's Assignment of Errors is, in pertinent part, as follows:

"1. The Court erred in overruling Appellant's Motion For a New Trial.
"2. The Court erred in overruling Appellant's Motion for Extension of Time Within Which to File an Amended Motion for New Trial."

The appellee has filed a motion to dismiss the appeal or to affirm the judgment asserting therein, in substance, that appellant's trial on the criminal charge herein was commenced on March 19, 1963, in the trial court; that on March 23, 1963, after hearing all the evidence in said cause the jury returned a verdict of guilty and directed that appellant be imprisoned for a period of not less than one nor more than seven years and be fined in the sum of One Thousand Dollars; that on Friday, March 29, 1963, after the filing of a pre-sentence

investigation report, judgment was rendered by the trial judge, pursuant to the verdict of the jury.

Thereafter, on May 6, 1963, appellant filed pro se (a) a motion for appointment of counsel, (b) a motion for extension of time, and (c) a motion for a new trial; all of which motions were made forty-four (44) days after the rendition of the verdict and thirty-eight (38) days after the rendition of the judgment.

Upon the filing of appellee's Motion to Dismiss or Affirm appellant made application to the Vigo Circuit Court for a Nunc Pro Tunc entry to be made on the Order Book of that court correcting the date of the filing of appellant's motions for appointment of counsel, for extension of time, and for new trial corrected from May 6, 1963, to April 18, 1963.

That on May 22, 1964, said Vigo Circuit Court conducted a hearing on such motion for entry Nunc Pro Tunc and at the conclusion thereof made its order therein, in pertinent part reading as follows, "[i]t is FURTHER ORDERED that said entry be made as of the 18th day of April, 1963, nunc pro tunc."

That on May 29, 1964, appellant filed with this Court his Application for Writ of Certiorari praying this court to order the Clerk of the Vigo Circuit Court to certify to this court a transcript of the orders and entries made nunc pro tunc as aforesaid, and all the proceedings relating thereto.

That on June 2, 1964, this court granted said petition for certiorari and the clerk of this court did issue the same to the clerk of the Vigo Circuit Court commanding him to make out and certify to this court a full and complete transcript of the records and proceedings in said cause, which were corrected by this court by nunc pro tunc entry. On July 2, 1964 such supplemental transcript was filed with the clerk of this court.

The motion to dismiss or affirm is denied.

Myers, Achor and Arterburn, JJ., concur. Landis, J., concurs in result.

## ON THE MERITS

JACKSON, J.—Appellant was charged by affidavit with the crime of obtaining money under false pretenses on or about June 18, 1962. The affidavit, omitting heading, signature and formal parts thereof reads as follows:

"Arthur Loudermilk, being duly sworn upon his Oath says that LOUIS F. O'RIORDAN, alias Louis M. Ryan, late of said County, on or about the 18th day of June, A.D. 1962, at said County and State aforesaid, did then and there feloniously, unlawfully, knowingly and falsely pretend to one Clem A. Crockett with intent then and there to cheat and defraud the said Clem A. Crockett for the purpose of obtaining from the said Clem A. Crockett his signature to a certain check hereinafter more particularly described: that he, the said Louis F. O'Riordan, alias Louis M. Ryan, was then and there the agent of the United American Insurance Co. and authorized to sell insurance in the State of Indiana; whereas, in truth and in fact the said Louis F. O'Riordan, alias Louis M. Ryan, was not the agent of the United American Insurance Co. and was not authorized to sell insurance in the State of Indiana: that the said Clem A. Crockett relying upon the said representations of the said Louis F. O'Riordan, alias Louis M. Ryan, and his false pretenses as aforesaid, and believing the same to be true, did then and there and by reason of such reliances and belief upon said date put his signature to a certain check of the following tender and effect:

" 'GLADYS CROCKETT
CLEM A. CROCKETT                          June 18, 1962
501 Poplar Street
West Terre Haute, Indiana

Pay to the order of *United American
Ins. Co.* $166.30
One Hundred sixty-six & 30/100—DOLLARS

Terre Haute First National Bank
West Terre Haute Branch
Terre Haute, Ind.

CLEM A. CROCKETT'

and the said Louis F. O'Riordan, alias Louis M. Ryan, did then, there and thereby receive and obtain possession by means of his false pretenses as aforesaid, of the said check and disposed of the same for value to an innocent holder

thereof, to the injury of the said Clem A. Crockett, all being Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The defendant entered his plea of not guilty to the charge contained in the affidavit and the cause was set for trial.

Thereafter, trial was had by jury resulting in a finding and verdict of guilty, the jury fixing the penalty of not less than one year nor more than seven years imprisonment and assessing a fine in the sum of $1,000; thereafter, the court rendered judgment on the verdict, and the defendant after presentence investigation, was sentenced agreeably to the verdict of the jury and remanded to the custody of the warden of the Indiana State Prison.

Afterwards on the same day, March 29, 1963, appellant filed his motion to quash the affidavit on the grounds that:

"(a) The affidavit by the State is improper, incomplete and insufficient on its face. . . ."

Among the allegations alleging the insufficiency of the affidavit in the single variance is the statement, "[t]he amount of the check proved from Crockett ($150.70) differs from the check amount pleaded on Affidavit ($166.30). The signature or maker on check on Affidavit is Clem Crockett. The check pleaded is signed Gladys and Clem Crockett!"

Thereafter on April 18, 1963, appellant filed his verified pro se motion and petition for an appeal to the Supreme Court of Indiana and for appointment of counsel, and on said date filed a motion for extension of time within which to file an amended motion for a new trial. The motion for a new trial, omitting formal parts thereof and signature thereto is as follows:

"1. That the verdict of the jury is contrary to law.
"2. That the verdict of the jury is not sustained by sufficient evidence."

Thereupon the court overruled the defendant's motion and each specification thereof, also overruled the motion for

extension of time and granted the prayer to appeal in forma pauperis to the Indiana Supreme Court and appointed pauper counsel to perfect such appeal for the appellant.

Appellant's Assignment of Errors contains two specifications, namely,

"1. The Court erred in overruling Appellant's Motion For a New Trial.

"2. The Court Erred in overruling Appellant's Motion for Extension of Time Within Which to File an Amended Motion for New Trial."

The transcript in the case at bar consists of 712 pages, together with numerous exhibits. Without going into detail relative to the evidence adduced in this cause, we deem it sufficient to say that a thumbnail sketch thereof indicates that the appellant called on Clem and Gladys Crockett on the evening of June 18, 1962, for the purpose of selling them hospital and accident insurance. It appears from the record that the appellant was successful and that Clem A. Crockett filled out an application for hospital insurance and delivered to the appellant a check in the sum of $166.30 in payment for the insurance so sold. It further appears from the record that at that time the appellant called himself Mr. Ryan, and represented that he was an agent and representative of the United American Insurance Company. It further appears that the check was dated June 18, 1962, was payable to United American Insurance Company, was drawn on the Terre Haute First National Bank, West Terre Haute Branch and was signed by Clem A. Crockett. The record further discloses that the check was endorsed on the back "United American Ins. Co., E. P. Davis, General Agent, L. M. Ryan, Gen. Mgr., 940 Walnut, T. Haute, Ind." It further appears the check was cashed on the next day, June 19, 1962. The record further discloses that the Crocketts never received a policy of insurance from the United American Insurance Company nor did they receive their money back. Sometime after the visit, at which time the appellant had received the check from

the Crocketts he was arrested and returned to Terre Haute. After the appellant had been arrested, he returned to the home of Mr. and Mrs. Crockett and sought to make a deal to return the money, and pleaded his case and requested that they "should let him off the hook."

It further appears from the evidence of William F. Hendron, a witness for the State of Indiana, that he was, at the time of testifying, Chief Deputy Insurance Commissioner for the State of Indiana. Among his duties were several legal and quasi-legal duties relating to the examination of insurance policies, supervisor of the records of the department, and such other duties that might be assigned to him from time to time by the insurance commissioner. Among the records of which he had supervision were those relating to persons who were licensed to sell insurance in the State of Indiana. The witness testified that on June 18, 1962, Louis F. O'Riordan was not licensed in the State of Indiana to sell insurance. The witness further testified that the appellant was not licensed at any time in 1962 to sell insurance in the State of Indiana in any manner or form.

We deem it unnecessary to delve further into the multitudinous record in this case, as it appears by the record, that the finding and judgment of the trial court was sustained by sufficient evidence. We have previously held that in considering the sufficiency of the evidence to sustain a conviction this court will look only to that evidence most favorable to the State. *Woods* v. *State* (1955), 234 Ind. 598, 130 N. E. 2d 139; *Beeler* v. *State* (1952), 230 Ind. 444, 104 N. E. 2d 744; *Arrington* v. *State* (1952), 230 Ind. 384, 103 N. E. 2d 210.

Appellant makes the very specious argument that he in fact had not taken any action that would cause him to be criminally liable in this cause, and argues that the company for whom he was allegedly acting as agent had accepted application for and issued a number of policies, which applications the appellant had obtained. He further argues that had

the Crocketts replied to the letter which they received from the United American Insurance Company about three months after the application for the policy had been taken by the appellant, they would have received the policy from the company which had been sold to them by the appellant. Appellant in summing up the arguments in his defense states that it would appear that the nine necessary elements of the offense of obtaining money under false pretense, as set out in *Crouch* v. *State* (1951), 229 Ind. 326, 334, 97 N. E. 2d 860, where we there held as follows:

> "It is necessary in charging the offense of obtaining money or other thing of value under false pretense to allege and prove (1) a false representation of a material existing fact, (2) a denial of the truth of the representation, (3) to whom made, (4) knowledge of its falsity, (5) intent to defraud, (6) reliance by the victim or victims on the false representation, (7) that the victim or victims were deceived, (8) to whom the money or other thing of value belonged, and (9) the surrender thereof to the defendant because of the false representation. . . . ,"

were not met by the State in the case at bar.

A brief resume of the evidence most favorable to the State introduced in this cause is as follows:

Mrs. Gladys Crockett testified that appellant, using the name of Mr. Ryan, called at their home on June 18, 1962, and said he would like to sell them hospital and accident insurance. Her husband, Clem A. Crockett, filled out an application for the insurance and made out a check to the United American Insurance Company for $166.30. Appellant represented himself to be an agent of the United American Insurance Company selling insurance.

Mr. Crockett testified that appellant came to his home June 18, 1962, and said Mrs. Arney did not sell him the policy they should really have. They talked for some time and Mr. Crockett finally agreed to take the additional insurance. Appellant said he was licensed to sell insurance but that Mrs. Arney was not. He said in fact that he was licensed to sell

insurance in Indiana and that his license had been in effect for a number of years.

J. A. Graham, Agency Vice President, United American Insurance Co., testified that appellant was at no time a licensed agent of his company.

William F. Hendron, Chief Deputy Insurance Commissioner, testified that on June 18, 1962, appellant was not licensed to sell insurance in Indiana, and that his license had been suspended July 25, 1961, effective August 8, 1961, and was never reinstated.

We are of the opinion that the foregoing evidence is sufficient to sustain the necessary elements of false pretense charged in the affidavit.

Appellant's "Motion to Quash" filed at the time of sentencing, in our opinion, was filed too late, and is therefore not material to the issues involved in this appeal. In passing, we note that an examination of some of the statements contained in the motion to quash are not substantiated by the record, such error appearing in such motion would have justified the court in denying the relief sought.

Finding no available error in the record the finding and judgment of the Vigo Circuit Court is affirmed.

Myers, C. J., Rakestraw and Arterburn, JJ., concur. Achor, J., not participating.

NOTE.—On motion to Dismiss Reported in 209 N. E. 2d 891. Opinion on Merits Reported in 215 N. E. 2d 185.