No. 9200.

HIGHFILL *v.* MONK.

NEW TRIAL.—*Record.*—A ruling assigned as cause for a new trial, to be available in the Supreme Court, must appear by the record to have been made, the statement of it in the motion not being sufficient.

EVIDENCE.—*County Order.—Set-Off.—Answer.*—A county order is admissible in evidence in support of a set-off for it, where the answer of set-off so identifies it by date and number, and amount of principal and interest, that the opposite party can not be misled.

SUPREME COURT.—*Weight of Evidence.*—If there be any evidence tending to support the finding below, the Supreme Court will not disturb it, however overwhelming the testimony to the contrary may be.

From the Crawford Circuit Court.

*N. R. Peckinpaugh* and *W. T. Zenor,* for appellant.

*E. M. Tracewell, B. P. Douglass, S. M. Stockslager* and *S. D. Luckett,* for appellee.

MORRIS, C.—This suit was brought by the appellant against the appellee. The complaint contains five paragraphs. The first is upon a promissory note for fifty dollars, executed by the appellee to the appellant. The second is for money had and received by the appellee for the use of the appellant. The third paragraph is upon a contract alleged to have been made between the parties; that the appellant, being treasurer of Crawford county, for the years 1876, 1877, 1878 and 1879, under an agreement and understanding with the appellee, accepted and received checks from him, drawn on himself, in favor of divers parties, in payment of the county tax of the parties in whose favor such checks were drawn, and charged himself with the amount of county tax so paid on the books of his said office, and accounted therefor to the proper authorities; that, in consideration thereof, the appellee agreed to pay him the amount of such checks in county orders, at their par value. A bill of particulars of the orders and checks so drawn by the appellee, and received by the appellant, is filed with this paragraph; that there is due the appellant, on account of the checks so received by him, $475, for which he demands judgment. The fourth paragraph is for money paid by appellant to and for the use of the appellee. The fifth paragraph is for $62.59, paid by the appellant for the appellee in paying his taxes for the years 1877 and 1878.

The appellee answered the complaint in five paragraphs. The first was the general denial; the third alleged payment; the second and fourth paragraphs were substantially the same. It is stated in these paragraphs, that the appellant was treasurer of Crawford county during the years 1876, 1877, 1878 and 1879, and that, during those years, there was an understanding and agreement between the appellant as such treasurer and the appellee, that the latter, then owning a large amount of county orders on Crawford county, should deposit the same with the appellant as such treasurer, and draw orders on him from time to time in payment of taxes due said county, in payment of such deposits; that he placed in the hands of

the appellant, as such treasurer, protested orders on Crawford county, bearing interest at the rate of six per cent. per annum, of different dates and amounts, amounting in all, principal and interest, to $3,000, a bill of particulars of which is filed with said paragraph ; that the appellant, as such treasurer, as the said orders were deposited with him, converted said orders to his own use, by taking credit therefor at their face as redeemed orders, in his settlement as such treasurer with said county.    The appellee offers to set off said orders, or so much thereof as may be necessary, against any amount which the appellant might prove against him, and demands judgment for the balance.

The fifth paragraph of the answer was to the fifth paragraph of the complaint.

The appellant replied to the answer by a general denial and several special paragraphs, which need not be particularly noticed.    The cause was submitted to the court for trial.    The court found for the appellee in the sum of $97.08.

The appellant filed a motion for a new trial, for the following reasons :

1. Because the court erred in permitting the appellee to amend, on the trial of the cause, the second paragraph of his answer, and his bill of particulars.

2. Because the court erred in admitting in evidence, over the objection of the appellant, a certain county order, dated ⸻ day of ⸻, 187–, No. 332, for the sum of $237.35, purporting to be issued by Crawford county to Malachi Monk.

3. That the court erred in admitting in evidence, over the objection of the plaintiff, a certain county order, purporting to be issued by Crawford county, dated the ⸻ day of ⸻, 187–, to one Malachi Monk, for the sum of $300, No. ⸻.

4. That the finding of the court is not sustained by sufficient evidence.

5. That the finding of the court is contrary to law.

6. That the finding of the court is contrary to evidence.

The motion for a new trial was overruled, and final judg-

ment rendered for the appellee. The evidence is properly in the record. The overruling of the motion for a new trial is assigned as error.

The appellant insists that the court erred in permitting the appellee to amend, on the trial, the second paragraph of his answer. There is nothing said in the record as to such an amendment, except in the motion for a new trial. If such an amendment was made, the record fails to show that the appellant objected, or that he took any exception to it. No question as to any amendment made to the pleadings is presented by the record to this court for decision.

The court below permitted the appellee to put in evidence, in support of his answer, two orders issued by Crawford county and payable to Malachi Monk, the appellee. One, No. 332, dated April 2, 1877, calling for $237.35, on which there had accrued $8.19 interest, making in all $245.54; the other, No. 490, and calling for $300, on which there had accrued $50 interest. The principal dispute between the parties is in relation to these orders.

The objections taken to the introduction of the orders as evidence are, that they were irrelevant, immaterial and incompetent, and not sufficiently described in the bill of particulars. The orders are described in the bill of particulars by their dates, numbers and the amount, not of their face, but by stating the amount of principal and interest—the first as calling for $245.54, and the other for $350. We think the description of the orders in the bill of particulars was sufficiently certain to apprise the appellant of what was intended. The date and numbers of the orders being given, the appellant could not have been misled.

It would seem to be quite clear that the orders were both relevant and material evidence. The appellee claimed in his answer that he had, pursuant to an agreement between him and the appellant, deposited a large number of orders, including the orders under consideration, drawn by the county of Crawford and payable to himself, with the appellant, to be

used by the latter as redeemed orders in settlement with the county, and for which the appellant was to account to him. That the orders so deposited would be competent and material evidence, is too clear to be questioned. They would be the best evidence of the amount and to whom payable, and their dates, numbers, amounts, and to whom payable, would identify them as the orders referred to in the pleadings. The appellee testified that he had deposited these orders with the appellant, and proved by the auditor of the county that the appellant had used them in his settlement with the county as treasurer, and received credit for them in such settlement, as orders redeemed by him. We think the court did not err in permitting these orders to be read in evidence.

The fourth, fifth and sixth reasons for a new trial may be considered together.

Counsel for the appellant say: "If the appellee is wrong and did not make a deposit of these two orders with the appellant, then the appellant is entitled to a judgment for from $450 to $500; but if it be true that the appellee, as the court evidently must have found, had made a deposit of these two disputed orders, and had received no credit therefor, then, perhaps, the judgment of the court may not be much out of the way."

If there was any testimony legally tending to show that the appellee had deposited the orders in question with the appellant, and that he had not been paid for them, then, however strong and overwhelming the testimony to the contrary may have been, the finding of the court below can not be disturbed. This court will not weigh the conflicting testimony in a case. *The Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73. This case has been approved by a great number of cases since decided.

There is certainly some testimony tending to prove that these disputed orders were deposited with the appellant by the appellee, and that the latter had not received credit for the same. The appellant says in his brief: "The appellee

testifies that he deposited these two orders, and the appellant that he did not." The appellant's counsel contend that the appellant testified truly and the appellee falsely or mistakenly. But we can not decide this dispute without weighing the evidence. Not only does the appellee testify to the deposit of the orders, but the auditor of the county also testifies that the appellant had used them as treasurer of the county in making settlement with it, and received credit for them in such settlement. The counsel for the appellant say that the appellee testified that he had never received credit for the $350 order, and then undertake to demonstrate, by the testimony and books of the appellant, that he had received such credit. The appellee does swear that he had not received credit for the order for $245.54, nor for an order for $348.75, deposited by him with the appellant. If he had not received anything for these three orders, the finding in his favor is too small. But if the appellee, in speaking of the $350 order, meant the order for $348.75, the finding is about right. We can not say that the court below erred in weighing the testimony of the appellee—it was for the judge who tried the cause, saw and heard the witnesses, to determine which of them was most worthy of credit. We can not, therefore, say that he erred in overruling the motion for a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.