## JORDAN V. STATE OF INDIANA

[No. 28,894. Filed March 30, 1953. Rehearing denied May 12, 1953.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was indicted by the Marion County Grand Jury under Acts 1905, ch. 169, §350, p. 584, being §10-3404, Burns' 1942 Replacement, for murder in the second degree. He was tried by jury, found guilty of manslaughter and sentenced to the Indiana State Prison for a term of not less than two years, nor more than twenty-one years.

The errors are assigned as follows: ·

"1.   That the court erred in causing the bailiff in charge of the jury, to go to the jury room, while jury was deliberating upon a verdict, and deliver to said jurors, a twenty (20) foot string to be used in measurement comparisons, in their deliberations and without consent or knowledge of appellant,

and appellant was thereby prejudiced in his constitutional rights, as secured to him by Art. I, Sec. 13, of the Constitution of the state of Indiana, and the 14th Amendment to the Constitution of the United States of America.

"2. That the court erred in overruling the appellant's motion for a New Trial."

The motion for a new trial contains fourteen separate specifications or grounds therefor. Specifications numbered 2, 3, 8, 9, 10, 11 and 12 are not discussed in appellant's brief as required by rule 2-17(e) and (f) of this court and are, therefore, deemed to be waived. *Harrison* v. *State* (1952), 231 Ind. 147, 106 N. E. 2d 912; *Sisk* v. *State* (1953), 232 Ind. 214, 110 N. E. 2d 627.

Specification No. 1 of the motion for a new trial is the same as assigned error number 1.

There is no evidence in the record to show for what purpose the string, which appellant alleges in his motion for a new trial and asserts in the independently assigned error No. 1, was used by the jury. Nor is there evidence in the record, by a special bill of exceptions or otherwise, to show such piece of string was in fact delivered to the jury or used by them in arriving at a verdict. This court cannot assume from the mere statements of appellant's counsel that the jury sought and used evidence obtained outside of open court and outside the presence of the defendant (appellant) in considering his guilt or innocence.

The action of the trial court in directing the bailiff in charge to deliver to the jury a piece of string twenty feet long, to be available as error for consideration by this court, must appear by the record. A statement of such action in the motion for a new trial, or as an independent assignment of error, is not sufficient. Hence, no question pertaining to this alleged error is presented. *Gerking v. Johnson* (1942), 220 Ind.

501, 503, 44 N. E. 2d 90; *Illinois, etc. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 679, 53 N. E. 641; *Highfill* v. *Monk* (1881), 81 Ind. 203, 206.

Specification 4 asserts that the court erred in permitting Joe Wright, a witness for the state, to answer the following question: "State in your opinion if this is the gun that was in Porter Jordan's hand at the time it was fired."

The record fails to show that the witness answered the question. There can be no error in the admission of testimony when none is given.

Specifications 5, 6, and 7 assert error in permitting Harry Pierson, a character witness, who testified to the good reputation of the appellant for peace and quietude, to answer over appellant's objection, the following questions:

1. Let us assume if it should be a fact, that the defendant has been arrested and convicted several times for other crimes, would that fact change your opinion?
2. Let us assume that the defendant was arrested and convicted in 1945 for assault and battery, would that change your opinion as to his reputation for peace and quietude?
3. Let us assume that the defendant in March, 1950, was arrested and convicted for being drunk in a public place, and in September, 1950, was arrested and convicted of the violation of the Fire Arms Act, would that change your opinion as to his reputation for peace and quietude?

When a defendant tenders his supposed good character in evidence, he thereby invites scrutiny and disclosure of specific instances of his misconduct to depreciate the weight of the testimony of his character witness, although the answers elicited may incidentally impute to him other guilt. The above questions were put in cross-examination to the direct

testimony of the witness Pierson as to the good reputation of appellant for peace and quietude and it was proper cross-examination. *Shears* v. *The State* (1897), 147 Ind. 51, 56, 46 N. E. 331; *Michelson* v. *United States* (1948), 335 U. S. 469, 93 L. Ed. 168, 178, 69 S. Ct. 213.

By specifications 13 and 14 appellant asserts that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

Two eye-witnesses testified that appellant shot the deceased Richard Decker as he (Decker) stood in front of the entrance to appellant's rooming house. An Indianapolis police detective testified that appellant told him and a detective sergeant in the police homicide office at police headquarters that he had left the house at 820 Harrison Street, which was across the alley from a rooming house he owned at 822 Harrison Street, where (at 820 Harrison Street) he had been drinking beer with the deceased Decker, and others, and got his gun because he was carrying a lot of money which he was going to take to his home on DeLoss Street; that he went out the front door, and while still on the front porch, he saw the deceased, Richard Decker, standing in front of the house; that Decker said, "he wanted part of him," whereupon he fired one shot over Decker's head. Then Decker said, "Just for that I am going to roll you" and started toward appellant who then fired at Decker intending to hit him in the leg. This conversation was confirmed and the circumstances related therein restated by appellant in a signed statement which appears in the evidence as state's exhibit No. 7.

It is not necessary to summarize further evidence in the record favorable to the state as that already recited is sufficient to sustain the verdict of the jury and it will not be disturbed. As above shown, appellant attempts to justify the shoot-

ing on the ground that it was done in self-defense. This was a question of fact to be determined by the jury and which has been resolved against appellant. Since the evidence on this question is in conflict we will not weigh the evidence, nor disturb the verdict. *Hansen* v. *State* (1952), 230 Ind. 635, 106 N. E. 2d 226, 227; *Arrington* v. *State* (1952), 230 Ind. 384, 386, 103 N. E. 2d 210; *Winters* v. *State* (1928), 200 Ind. 48, 52, 160 N. E. 294.

The verdict is, therefore, not contrary to law, and the judgment will be affirmed.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 2d 751.