ROBERT WOOLUM *v.* STATE OF INDIANA

[No. 2-477A132. Filed October 31, 1978.]

*Smith, Pearce, Barr & Howard,* of Noblesville, for appellants.

*Theodore L. Sendak,* Attorney General of Indiana, for appellee.

MILLER, J.—Defendant-Appellant Robert Woolum was charged with assault and battery with intent to kill[1] and found guilty by the jury of the lesser included offense of aggravated assault and battery.[2] He was sentenced to one to five years and fined $100.

*ISSUES*

Defendant raises the following issues on appeal:

(1)   Was the jury's verdict supported by sufficient evidence and was the verdict contrary to law because "the evidence was such that the defendant was entitled to the defense of self-defense as a matter of law."

(2)   Did the trial court commit reversible error when it excluded the testimony of a police officer as to thefts, robberies and burglaries in the Fishers, Indiana area because such evidence would have corroborated defendant's assertion that he acted in self-defense.

*FACTS*

The following is the evidence most favorable to the State:

---

1.   I.C. 35-13-2-1, Repealed. For current version, *see* I.C. 35-42-2-1.

2.   I.C. 35-13-3-1, Repealed. For current version, *see* I.C. 35-42-2-1.

At 3:00 A.M. on May 16, 1975 the Defendant closed his tavern located in Fishers, Indiana and left through the back door with a friend, Bill Beaver. Defendant had on his person a money bag containing approximately $500 and a .44 calibre magnum pistol. As Defendant and Beaver walked into the parking lot on the east side of the building, Carl Hall (the victim) and two of his friends were at the southeast corner of the building on the sidewalk in front of the tavern approximately 30-40 feet from Defendant.

Hall and his two friends heard a shot fired, turned, and saw Defendant, who was holding a gun and yelling at them to leave. Hall made no threatening gestures, but he told Defendant, "Put it up or use it," which was the last thing he remembered. At that point, Defendant shot Hall, who was still approximately 30-40 feet from Defendant at the time and had not moved towards Defendant (other than to turn toward the parking lot). The bullet entered Hall through the posterior region. His femur bone was extensively splintered, and his right hand was injured. Hall was unarmed.

Hall had been in Defendant's tavern on previous occasions when Defendant was working. Beaver, who was with Defendant, stated he could recognize the victim and his friends before Defendant shot his gun.

*DECISION*

In order to establish aggravated assault and battery, the State had to prove that Defendant intentionally or knowingly and unlawfully inflicted great bodily harm or disfigurement upon another person.

It is clear from the above statement of facts that there was sufficient evidence to support the jury's verdict. However, Defendant claims his version of the incident established that he acted only in self-defense and, therefore, the judgment was contrary to law.

Defendant's testimony at trial conflicted with the other evidence in some instances. He testified that after leaving the tavern, he saw Hall and his friends at the corner of the building, but that he could not recognize them. He told them to "go home," and one of them said, "If you've got a gun why don't you use it." He told them to go home again and then Hall stepped off the sidewalk and walked towards Defendant.

Hall had his right hand on his pocket. Defendant fired a warning shot and when Hall kept coming, he shot him at 8-10 feet away. Defendant testified he thought he was going to be robbed. He also testified that in the six months prior to May 16, 1975 burglaries or robberies had occurred at the Hamilton County Grainery, at Fishers Lumber Company, at a gas station and at a liquor store in Fishers. He also testified that, the same night as the grainery burglary, someone had apparently tried to open the locked door at his tavern.

We acknowledge that the burden is on the State to negate a claim of self-defense. *Hoover v. State* (1978), 268 Ind. 566, 376 N.E.2d 1152; *Johnson v. State* (1971), 256 Ind. 579, 271 N.E.2d 123. In *White v. State* (1976), 265 Ind. 32 at 34-35, 349 N.E.2d 156 at 158, the Court said the following:

"When we review a self-defense claim, we determine if there is any substantial evidence of probative value from which the jury could have determined beyond a reasonable doubt, that appellant did not act in self-defense. Appellant must have acted without fault, been in a place where he had a right to be, and been in real danger of death or great bodily harm, or in such apparent danger as caused him in good faith to fear death or great bodily harm. The State has the burden of showing that appellant did not meet one of these requirements."[3]

We note two cases in which our Supreme Court reviewed facts quite similar to those presented here. In *Jordan v. State* (1953), 232 Ind. 265, 110 N.E.2d 751, the defendant was found guilty of manslaughter. He had been drinking beer with the victim and others before returning to his home where he got his gun because he was carrying a large amount of money. Upon leaving his house, he was confronted by the victim who said he "wanted part of him," whereupon Defendant fired a warning shot. The victim then said, "Just for that I am going to roll you," and started toward Defendant who claimed he intended only to shoot the victim in the leg. There were two eyewitnesses who testified that the

---

3. Even though *White, supra,* is a homicide case, these same elements apply here since a deadly weapon was used. We recognize that a person is entitled to defend himself where it reasonably appears he is in danger of bodily harm. However, he is only justified in using such force as may appear to him at the time necessary to resist an unlawful attack. *Birtsas v. State* (1973), 156 Ind.App. 587, 297 N.E.2d 864.

Defendant shot the victim. After reciting the foregoing evidence the court said at page 753 of 110 N.E.2d:

> "It is not necessary to summarize further evidence in the record favorable to the state as that already recited is sufficient to sustain the verdict of the jury and it will not be disturbed. As above shown, appellant attempts to justify the shooting on the ground that it was done in self-defense. This was a question of fact to be determined by the jury and which has been resolved against appellant. Since the evidence on this question is in conflict we will not weigh the evidence, nor disturb the verdict. Hansen v. State, 1952, 230 Ind. 635, 106 N.E.2d 226, 227; Arrington v. State, 1952, 230 Ind. 384, 386, 103 N.E.2d 210; Winters v. State, 1928, 200 Ind. 48, 52, 160 N.E. 294."

In *Young v. State* (1967), 249 Ind. 286, 231 N.E.2d 797, the defendant was found guilty of assault and battery with intent to commit a felony: manslaughter.[4] The Defendant and the victim had begun to argue about Defendant's wife, when Defendant drew a gun. The victim went to his car, but shortly thereafter started back toward Defendant. When the victim was 30-40 feet from the Defendant, he was shot in the stomach. The Court stated the following at page 798 of 231 N.E.2d:

> "Appellant attempts to interpose a plea of self-defense. However, the record shows that Ridley [the victim] was unarmed and that he made no threats of violence by words or action. Nor is there any evidence to indicate that appellant was in any danger of bodily harm. Appellant's defense is untenable."

Essentially, here, Defendant is claiming the jury should have believed his version of the incident. However, when self-defense is claimed and the evidence is conflicting, our courts have uniformly rejected the proposition that the trier of fact must accept Defendant's version of what happened. In fact, the trier of fact must determine the credibility of all the witnesses, including that of the Defendant, and decide whether or not the act was carried out in self-defense. *Kelsie v. State* (1976), 265 Ind. 363, 354 N.E.2d 219, *cert. denied* 429 U.S. 1094; *Cammack v. State* (1970), 254 Ind. 637, 261 N.E.2d 862; *Coe v. State* (1975), 163 Ind.App. 489, 324 N.E.2d 506. Thus, the final determination

---

4. The court reversed for the reason that the offense with which defendant was charged did not exist.

as to whether or not the State has met its burden of negating the Defendant's claim of self-defense rested with the jury. *Hammack v. State* (1978), 268 Ind. 574, 376 N.E.2d 1147; *Hoover, supra.*

We find there was very substantial evidence which contradicts Defendant's version that he acted with a reasonable belief that he was in real or apparent danger of being the victim of robbery. Therefore, there was sufficient evidence to support the verdict, and the verdict is not contrary to law.

Defendant also argues that the trial court committed reversible error by sustaining the State's objections to certain questions asked of Jack Glover, Town Marshall of Fishers, Indiana, both on cross-examination as a State's witness and on direct-examination as a defense witness. The following are the pertinent questions and offers to prove during said examinations:

*CROSS-EXAMINATION:*

"Q    Mr. Glover, are you familiar with the crimes that are committed in the Fishers area?

"DEPUTY PROSECUTOR:    Object, irrelevant and immaterial.

"THE COURT:    Objection sustained at this time.

"Q    Were you familiar with crimes that occurred within the Fishers area from, let's say, January 1st, 1975 up to and including May 16th, 1975?

"DEPUTY PROSECUTOR:    Object, irrelevant and immaterial.

"THE COURT:    Objection sustained.

"Q    Mr. Glover, were you familiar with crimes that were—burglaries, robberies—that were committed in the Fishers area within two months of May 1st, before May 1st or May 16th, 1975?

"DEPUTY PROSECUTOR:    Object, irrelevant and immaterial.

"THE COURT:    Sustained.

. . .

"DEFENSE COUNSEL:    For the record, we would Offer to Prove there were numerous burglaries and thefts which occurred

in the Fishers area within several months of the alleged incident; and, further, we would offer this evidence for the purpose of showing that the defendant had reason to believe that a crime may have been initiated against his person and his property on May 16th, 1975."

*DIRECT-EXAMINATION:*

"Q    Mr. Glover, again, you are Town Marshall of Fishers, is that correct?

"A    Yes, I am.

"Q    Are you familiar or did you make reports to the sheriff if there's any burglaries or thefts reported?

"A    If I am the one called, yes.

"Q  .  Calling your attention to the late part of 1974, were there any robberies in Fishers that you can recall?

"DEPUTY PROSECUTOR:    Object to the question, as to the relevancy.

"THE COURT:    Sustained.

"DEFENSE COUNSEL:    Defendant would Offer to Prove:    That there were, in fact, robberies and burglaries in Fishers and the area immediately surrounding Fishers, Indiana during the six months immediately preceding May 15th, 1975, and that the testimony of this witness is relevant to substantiate the subjective belief of the defendant that crimes had been committed in Fishers, Indiana during the six months prior to May 16th, 1975."

In order to preserve on appeal an objection to the exclusion of testimonial evidence, an offer to prove must have been timely made during the trial and "must clearly show its admissibility by revealing its purpose, relevance and materiality." *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244, 249. As we read the offers to prove, in the case before us, the *facts* Defendant proposed to prove were the numbers of thefts, burglaries and robberies which had occurred in the Fishers *area*[5] within several months of the incident. The defense

---

5.    The Town of Fishers is located approximately two miles north of the city limits of Indianapolis. Thus, under Defendant's theory, the crime rate in Indianapolis, or perhaps the northern portion thereof, might be relevant and material in this case.

counsel said the *purpose* of such evidence was (1) to show that the Defendant had reason to believe that a crime may have been initiated against his person and his property and (2) to substantiate the subjective belief of the Defendant that crimes had been committed in Fishers, Indiana during the six months prior to May 16, 1975.

Defendant argues that the excluded testimony was relevant since the reasonableness of his conduct is in question and the excluded testimony would have shown the reasonableness of his belief of immediate danger. Defendant was permitted to testify as to his knowledge of burglaries and robberies in the area. However, the issue in this case was not whether other burglaries, robberies and thefts had been committed in the area, but whether Defendant reasonably believed that he was then in real danger of death or great bodily harm as the victim of an armed robbery. Thus, if the offer to prove had revealed evidence that (1) Defendant had been a prior victim of one of those recent crimes, (2) the circumstances of the recent crimes were similar to these circumstances (for example, that the prior robberies were from a store owner at closing time), or (3) the victim had been connected in any way with the prior crimes, then we would be more inclined to say the evidence was relevant.

We recognize the proposition that it is error to exclude evidence directly lending credence to a Defendant's belief that the victim intended to injure him.

Thus, in *Gregg v. State* (1976), 171 Ind.App. 363, 356 N.E.2d 1384, it was error to exclude evidence that a neighbor had heard the victim yell to the Defendant that the victim had a gun, because that evidence would have lent credence to the reasonableness of Defendant's belief that the victim was about to inflict death or great bodily harm upon him. Even so, the Court held that such error was harmless and did not require reversal because, even if the excluded testimony had been admitted into evidence, there was sufficient evidence for the jury to decide that Defendant did not act in self-defense. Similarly, in *Nuss v. State* (1975), 164 Ind.App. 396, 328 N.E.2d 747, testimony of threats made by the victim against the Defendant were held to be erroneously excluded, and the case was reversed.

These cases are clearly distinguishable from our situation in that they relate to threats and impending threats by the victims against the Defen-

dants. They are a far cry from holding that the general crime rate in an area is relevant evidence to justify the shooting of an individual who may appear to a defendant to be in the least way suspicious.

The trial court enjoys a wide latitude in ruling on the relevance of evidence in a criminal proceeding, and the exclusion of evidence because it is remote and irrelevant is within the discretion of the trial court. *Stacks v. State* (1978), 175 Ind.App. 525, 372 N.E.2d 1201. The trial court's ruling with respect to such exclusion will not be disturbed upon appeal in the absence of an abuse of that discretion. *Misenheimer v. State* (1978), 268 Ind. 274, 374 N.E.2d 523.

We conclude, therefore, that based on the facts in this case the trial court did not abuse its discretion in excluding the evidence in question.

Affirmed.

Buchanan, C.J. concurs (by designation).

Sullivan, J. concurs (by designation).

NOTE—Reported at 381 N.E.2d 1072.