**Todd LEMING, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–685 A 158.

Court of Appeals of Indiana, Third District.

Jan. 22, 1986.

David C. Kolbe, Milo W. Lightfoot, Lake City Building, Warsaw, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Todd Leming was convicted of Battery, a Class C felony under Ind.Code 35–42–2–1, and raises four issues on appeal:

I. Whether the trial court erred in excluding testimony that Leming had been beaten in another parking lot six months earlier;

II. Whether Leming was denied due process because the Prosecutor withheld certain exculpatory evidence;

III. Whether the State presented sufficient evidence to rebut Leming's self-defense claim;

IV. Whether the trial court erred in imposing the presumptive sentence for a Class C felony.

Affirmed.

Shortly before 10:00 a.m. on July 28, 1984, Leming and a friend, Gary Conrady, drove to the Classic Restaurant in North Webster, Indiana, to pick up Conrady's girlfriend, a waitress at the restaurant. After the two had been parked for approximately fifteen to twenty minutes, John Baldwin drove into the lot with two friends and parked next to Conrady's car, with the driver's side of Baldwin's car next to the passenger's side of Conrady's car. Baldwin looked in Conrady's passenger window and asked him and Leming not to damage his car with their car doors. Leming got out of the driver's side and approached Baldwin, and the two "had words." Baldwin then walked toward the restaurant

where his passengers were waiting and Leming got into the passenger's side of Conrady's car. After a short time Baldwin returned to his car, at which point Leming got out of Conrady's car. He grabbed Baldwin and held a knife to his neck, causing a 1½ inch long and ¼ inch deep wound on the left side of Baldwin's neck. Conrady then drove away without Leming, and Baldwin got in his own car and locked the door.

## I.

### Evidence of Prior Beating

■ The Indiana Code at 35-41-3-2 provides in part:

"[a] person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person...."

The danger of harm need not be real, but the defendant must reasonably believe that it exists. *Heglin v. State* (1956), 236 Ind. 350, 140 N.E.2d 98, 99. In determining the reasonableness of the defendant's belief, the trier of fact must look at the situation from his viewpoint, *Starkey v. State* (1977), 266 Ind. 184, 361 N.E.2d 902, 904, in light of the circumstances known to him. *Shutt v. State* (1977), 267 Ind. 110, 367 N.E.2d 1376, 1385.

At trial, Leming attempted to introduce evidence of a beating he had received from three men in the parking lot of a Colorado bar six months before the battery in this case. The men, members of a motorcycle gang, had threatened Leming inside the bar, and beat him up when he went outside. Baldwin was not involved in this beating, but Leming argues that the prior attack on him, because it occurred in a parking lot and involved three men, affected his perception of his confrontation with Baldwin and his two passengers. He argues, therefore, that it was a circumstance which the jury should have considered in determining the validity of his self-defense claim, and that the trial court erred in excluding his testimony about it. We do not agree.

■ The exclusion of evidence because it is irrelevant is within the discretion of the trial court, and absent abuse of discretion, such a ruling will not be disturbed on appeal. *Woolum v. State* (1978), 178 Ind. App. 212, 381 N.E.2d 1072, 1077. It is error to exclude evidence directly lending credence to a defendant's belief that he was in imminent danger from the victim. *Id.* On these grounds, it is recognized that evidence of the victim's violent propensities is admissible if they were known to the defendant. *Chapman v. State* (1984), Ind. App., 469 N.E.2d 50, 52. In *Nuss v. State* (1975), 164 Ind.App. 396, 328 N.E.2d 747, this Court reiterated the defendant's right "to prove every fact and circumstance known to him and *connected with the [victim]* which was fairly calculated to create an apprehension of fear for his own safety." 328 N.E.2d 754 (quoting *Boyle v. State* (1884), 97 Ind. 322, 326) (emphasis added).

■ There is no such recognized rule regarding circumstances not connected with the victim. It is certainly questionable whether evidence of a beating by a motorcycle gang in Colorado six months prior to the incident in the Classic Restaurant parking lot lends any credence to Leming's belief that Baldwin and his two passengers were going to seriously injure him. We conclude, therefore, that the trial court did not abuse its discretion in excluding evidence of Leming's prior beating.

## II.

### Withholding of Evidence

Before trial Leming, by his attorney, filed a general discovery request pursuant to *State ex rel. Keller v. Criminal Ct. of Marion Cty.* (1974), 262 Ind. 420, 317 N.E.2d 433. Among other things, Leming requested "[a]ny evidence or information known to this day which is exculpatory as to this Defendant, pursuant to the dictates of *Brady v. Maryland.*" (Record, at 25-26). After the conclusion of the trial, the Prosecuting Attorney advised defense counsel that Dr. George Haymond, who

treated Baldwin after Leming cut his neck, had said that Baldwin was one of the most rude and obnoxious individuals he had ever seen. Leming argues that the failure of the prosecutor to give him this information before trial, in response to his discovery request, was a denial of his due process rights.

In *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 the United States Supreme Court held that suppression of material evidence favorable to an accused upon request violates due process. *Id.* at 87, 83 S.Ct. at 1196. In *United States v. Agurs* (1976), 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 the Court discussed this issue in more detail. The Court wrote that there are three tests of materiality for such evidence, based on the character of the evidence itself. Dr. Haymond's comment fits in the third *Agurs* category, evidence which is the subject of a general request or no request. The test of materiality for this type of evidence is a strict one:

> "[T]he omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt."

*Id.*, at 112, 113, 96 S.Ct. at 2402 (footnote omitted).

■ Dr. Haymond's comments concerning Baldwin's character are not sufficient to create a reasonable doubt. They are based on only one meeting with Baldwin, which occurred just after Baldwin had had his neck cut. Furthermore, Baldwin's rudeness is only questionably relevant to the question of the reasonableness of Leming's belief that he was in immediate danger of serious injury from Baldwin. The prosecutor's withholding of Dr. Haymond's comments did not deny Leming a fair trial.

Leming argues further that even if such evidence would not have created a reason-able doubt as to guilt, it was still material as to his punishment and the trial judge should have had the opportunity to consider it. *See Brady, supra,* 373 U.S. at 87, 83 S.Ct. at 1196. The record indicates, however, that the trial judge conceded that Baldwin was abrasive when he determined Leming's sentence. Leming was not denied due process.

## III.

### Sufficiency of the Evidence

■ There are three requirements for self-defense when deadly force is used:

(1) the defendant must have acted without fault;

(2) the defendant must have had a right to be where he was; and

(3) the defendant must have reasonably believed he was in immediate danger of death or serious bodily harm.

*Brooks v. State* (1982), Ind., 434 N.E.2d 878, 880. Once a claim of self-defense is raised, the State bears the burden of disproving the existence of one of these elements. *Green v. State* (1982), Ind., 438 N.E.2d 266, 269. This burden is met on appeal if the evidence is sufficient to support a finding beyond a reasonable doubt that a reasonable person, under the circumstances, would not have believed that he was in imminent danger of death or serious bodily harm. *Id.; Shutt v. State* (1977), 267 Ind. 110, 367 N.E.2d 1376, 1385.

■ There was testimony from Leming and Conrady that Baldwin was acting belligerent, cocky, and obnoxious during his encounter with Leming. Leming testified that he believed that Baldwin and his two passengers might physically strike him, but on cross-examination he could recall no threats or threatening gestures made by Baldwin. There was testimony that Baldwin made no threat toward Leming, and that his passengers did not return to the parking lot until after Leming got out of Conrady's car. There was sufficient evidence to support, beyond a reasonable doubt, a finding that no reasonable person under the circumstances would have be-

lieved that he was in immediate danger of death or serious bodily harm.

## IV.

### Sentencing

Leming was sentenced to five years, the presumptive sentence for Battery, a Class C felony. Leming argues that the sentence should have been reduced due to mitigating circumstances. IC 35–38–1–7, at subsection c, lists mitigating factors which the trial court may consider:

"(1) The crime neither caused nor threatened serious harm to persons or property, or the person did not contemplate that it would do so.

(2) The crime was the result of circumstances unlikely to recur.

(3) The victim of the crime induced or facilitated the offense.

(4) There are substantial grounds tending to excuse or justify the crime, though failing to establish a defense.

(5) The person acted under strong provocation.

(6) The person has no history of delinquency or criminal activity, or he has led a law-abiding life for a substantial period before commission of the crime.

(7) The person is likely to respond affirmatively to probation or short. term imprisonment.

(8) The character and attitudes of the person indicate that he is unlikely to commit another crime.

(9) The person has made or will make restitution to the victim of his crime for the injury, damage, or loss sustained.

(10) Imprisonment of the person will result in undue hardship to himself or his dependents."

Leming argues that factors (2) through (5) and (7) through (9) apply in this case, and that the trial court erred in failing to reduce Leming's sentence.

 Increasing or reducing the presumptive sentence due to aggravating or mitigating circumstances is within the discretion of the trial court. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1104–1105.

Whenever the presumptive sentence is imposed, it is presumed that any applicable mitigating factors were considered. *Page v. State* (1981), Ind., 424 N.E.2d 1021, 1022. In this case, the record of the sentencing hearing indicates that the trial court did in fact consider the factors which Leming argues should apply. This Court is not required to assess or reweigh the trial court's findings with regard to mitigating circumstances. *Bish v. State* (1981), Ind., 421 N.E.2d 608, 620. We will not revise a sentence authorized by statute unless it is manifestly unreasonable, and a sentence is not manifestly unreasonable unless no reasonable person could find it appropriate to the particular offender and offense. Ind. Rules of Procedure, Appellate Review of Sentences Rule 2. We do not find Leming's sentence to be manifestly unreasonable.

We affirm.

GARRARD and HOFFMAN, JJ., concur.